## Davidson v. Hayes
*[Cite as 6 AOA 273]*

*Case No. 89CA004699*
*Lorain County, (9th)*
*Decided August 1, 1990*

*James G. Tassie, Attorney at Law, Executive Bldg., 300 Fourth St., P. O. Box 427, Elyria, Ohio 44036, for Plaintiff.*

*Jon R. Burney, Attorney at Law, 106 Ohio Savings Bldg., 22255 Center Ridge Rd., Rocky River, Ohio 44116, for Defendants.*

CACIOPPO, J.

This cause came on before the court upon appeal from the order of the trial court denying appellants' motion to vacate a cognovit judgment. We reverse.

Roger and Carol Hayes, the appellants, entered into an agreement to purchase real estate, tangible and intangible assets of Steeline Machine Products, including the premises, use of the business name, equipment, tools, inventory and list of customers, supplies and prospects. The Hayes signed a cognovit note for $110,000 plus interest.

The Hayes defaulted on the note. On September 5, 1989, E. Davidson took judgment on the note without notice to the Hayes pursuant to the warrant of attorney to confess judgment contained in the note. On September 19, 1989, Hayes filed a motion for relief from judgment alleging fraud in the inducement and misrepresentation. After a hearing, the motion to vacate judgment was denied. The trial court was unpersuaded by the Hayes' defense that they relied on Davidson's representations as to business revenues because it contradicted the language contained in the purchase Agreement. The Hayes appeal.

Assignment of Error

"Trial court erred in denying defendant's motion for relief from final cognovit judgment for any one of the following reasons:

"(A) The trial court abused its discretion in denying defendant's motion for relief, since credible evidence had been presented (without weighing evidence or determining credibility of witnesses) that:

"(1) Defendants-appellants Hayes have a valid defense of fraudulent inducement as well as lack of consideration as a defense to claims of plaintiff.

"(2) Such defenses qualify as grounds for relief under Rule 60(B)(3) and (5).

"(3) Motion for relief was timely filed.

"(B) The court committed prejudicial error in denying defendants motion for relief from judgment in reliance upon clauses in a written agreement attempting to nullify extraneous representations of seller, notwithstanding the credible evidence presented by defendants of fraudulent representations of the seller used to induce defendants to purchase the assets of seller's business.

"(C) The court committed prejudicial error in rendering valid and enforcing a written contract signed by the parties at closing which materially changed the terms of the previous written agreement signed by the parties on May 28, 1988 all to the detriment of defendants Hayes without additional consideration therefor."

Appellants claim that they were fraudulently induced to enter into the Purchase Agreement by Davidson's misrepresentations that the business revenues of Steeline Machine Products were $121,439.71. They charge that the financial statements given by Davidson to the real estate agent and the paid invoices for 1987 furnished by Davidson fostered this belief.

Appellees, on the other hand, contend that the revenues reflected in the financial statement and 1987 invoices are not incorporated into the written contract between the parties. They point out that the contract specifically excludes the sale of an ongoing business.

The Purchase Agreement provides in relevant part:

"4. Representations by Purchases.
"****

"(b) The Purchasers have inspected all of the machinery, equipment and related business

assets and accepted the same in their present condition.

"(c) The Purchasers have checked with customers and suppliers and are satisfied with the information received, and they require no additional records or information.

"***

"15. Representations and Warranties.

"This Purchase Agreement is for the sale of real estate, machine shop assets, the trade name and any goodwill associated with the name. It is not the sale of a going business. Seller makes no representations as to volume of business, accounts, profits, losses, income or any other representations and purchasers acknowledge that they have not relied on any representations by Seller or his agents of any business statements or records. Purchasers may use the assets so purchased to conduct a machine shop business and pursue former customers of Seller, and to trade upon the goodwill, reputation and name of seller. Purchasers shall begin business as a new business entity without relying upon or using any past record or performance of Seller.

"***."

The first issue we must address is whether parol evidence is admissible to supplement the contract in the instant case. Appellants claim that misrepresentations induced them to enter into the contract. In *Niehaus v. Haven Park West, Inc.* (1981), 2 Ohio App. 3d 24, 25, the court adopted 24 Ohio Jurisprudence 2d (1957) 639, Fraud and Deceit, Section 27, as follows:

"***

"'*** It is a general rule that where one party to a contract has been induced to enter into it through fraud, deceit, and misrepresentation of the other party as to material matters, the defrauded party does not become bound by its terms, notwithstanding the contract contains a provision that there are no agreements or statements binding upon the parties except those contained therein. Fraud which enters into the actual making of a contract cannot be excluded from the reach of the law by any formal phrase inserted in the contract itself.***'" (Footnotes omitted.)

"***."

Therefore, it is proper to consider the evidence concerning the financial statement and 1987 invoices.

The next issue is whether the trial court properly denied the motion to vacate. The existence of a valid defense to all or part of a claim constitutes a ground for relief from a cognovit

judgment entered by confession upon a warrant of attorney without prior notice to the defendant. *Matson v. Marks* (1972), 32 Ohio App. 2d 319, 323. A motion for relief of a cognovit judgment entered without prior notice, alleging defenses of failure of consideration and fraud in the inducement, is predicated upon the existence of valid defenses to the plaintiff's claim and is founded upon Civ. R. 60(B)(5), "any other reason justifying relief." *Pavlas v. Dow* (Nov. 25, 1987), Medina App. No. 1614, unreported, citing *Cautela Bros. v. McFadden* (1972), 32 Ohio App. 2d 329, 332.

The interest in formulating business judgments without being misled by others *** into making unwise decisions which result in financial loss is protected by the law of deceit. *Miles v. McSwegin* (1979) 58 Ohio St. 2d 97, 99. A false representation may be made by conduct calculated and intended to produce a false impression as well as by words. *Fulton v. Aszaman* (1982), 4 Ohio App. 3d 64, 74. Although the Hayes had a duty to inquire and inspect the business in a reasonable fashion, they had a right to rely on the representations made, and were no longer under a duty after receiving answers to their questions. See *Starinki v. Pace* (1987), 41 Ohio App. 3d 200, 203 citing *Foust v. Valleybrook Realty Co.* (1981), 4 Ohio App. 3d 164.

The Hayes have presented evidence which supports their defense of fraud in the inducement.[1] Roger Hayes' affidavit and testimony reveals that Davidson told Hayes that Davidson had no business records prior to 1987 although such records did exist. Hayes affidavit contains evidence that some of the 1987 invoices furnished by Davidson to Hayes were false. The Hayes have presented a meritorious defense to the note. Accordingly, the trial court abused its discretion in denying the Hayes' motion for relief from judgment.

The appellants' assignment of error is well taken. The judgment of the trial court is reversed and the cause remanded in order that the Hayes may answer and defend.

The Court finds that there were reasonable grounds for this appeal.

CACIOPPO, J., for the court.
QUILLIN, P.J., and MAHONEY, J., concur.

Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, Section 6(C), constitution.

[1] The Hayes also allege lack of consideration. There is evidence in the record showing that both the May 28, 1988 and the July 1, 1988 agreement were supported by sufficient consideration. Accordingly, we cannot conclude that the Hayes defense of lack of consideration is meritorious.