DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant, Atco Medical Products, Inc. ("Atco"), appeals from the Summit County Court of Common Pleas' judgment entered against it. In addition, defendant-appellee, Marie Stringer, cross-appeals from the judgment. We affirm.
On July 27, 1995, Atco, an Ohio corporation, and Marie Stringer entered into a written contract for the sale of Atco's assets entitled "Asset/Purchase Agreement." This contract included a list of the assets that Stringer was purchasing. Atco is in the business of making prosthetic devices such as splints, braces, and supports. Stringer is in a similar line of business as an officer and shareholder of IEM Orthopaedic Systems, Inc., an Ohio corporation. According to the terms of the contract, Stringer was purchasing Atco's assets including prosthetic devices, sewing machines, inventory, and other production paraphernalia for $50,000.
Michael J. Houska, President of Atco, provided a schedule entitled "Products Sales for One Year Period" to Stringer before the written contract was signed by both parties. Pursuant to the contract, Stringer paid Atco $500 upon receipt of the assets. The remaining balance was due within seventy-five days of this day of receipt. Stringer never paid the balance.
Atco filed a breach of contract claim against Stringer in order to recover the remainder of the contract price. In her answer, Stringer counter-claimed that Atco committed the tort of fraudulent or negligent misrepresentation by misrepresenting financial information associated with the assets that were sold to her. She further asserted as a defense that this fraudulent or negligent misrepresentation excused her from paying the remaining balance due on the contract.
After conducting a trial on October 23, 1996, the Magistrate issued his decision on November 12, 1996. The magistrate determined by the testimony and evidence submitted at the trial that this document really reflected the combined sales, costs, and profit for a four-year period. The magistrate determined that Atco committed negligent misrepresentation and owed Springer $45,000 for lost profits. Furthermore, the magistrate concluded that Springer did not have to pay the $49,500 remaining on the contract because the contract was unenforceable.
Atco filed its objections to the Magistrate's Report on November 27, 1996. Stringer filed a memorandum in opposition to Atco's objections on December 23, 1996. In its final judgment, the trial court concluded the following:
 The findings of the Magistrate clearly establish that [Stringer] was given a statement of business activity for a one-year period, which detailed product sales of the medical products which were to be the subject of the sale and a history of the costs and profits for the period. The statement showed a profit for the one-year period of $77,241. 28. [Stringer] relied upon this statement in determining to enter the purchase agreement.
 The evidence and findings of the Magistrate also establish that the statement provided to [Stringer] was not true. The sales set forth were not during a one-year period but were achieved over a period of four years, a material misrepresentation. The action of [Atco] in providing this information to [Stringer] was found to result from a failure to use ordinary care and not from an intentional and willful act of misrepresentation.
On May 3, 1997, the trial court ruled that Atco committed the tort of negligent misrepresentation and owed Stringer $45,000 in damages. In addition, the trial court held that the contract was still enforceable, and Atco was entitled to $49,000. The trial court ruled that the $45,000 owed to Stringer shall be set-off by the $49,000 owed to Atco.
Atco and Stringer timely appeal the judgment of the trial court. Atco raises five assignments of error, and Stringer raises one cross-assignment of error.
 ASSIGNMENT OF ERROR I
The trial court erred when it allowed parole evidence to enter into testimony when deciding if a contract existed, despite the clear language of the contract.
Atco contends that the trial court erred in issuing its judgment because the magistrate had allowed parole evidence into its proceedings. Atco asserts that because the contract was not ambiguous, the magistrate should not have allowed parol evidence into evidence. In addition, Atco argues that because Stringer failed to prove intentional misrepresentation on the part of Atco, the magistrate erred by allowing parol evidence at the trial proceedings. We disagree.
An appellate court determines whether a trial court abused its discretion by adopting a magistrate's report in light of the evidence before the trial court. Proctor v. Proctor (1988),48 Ohio App.3d 55, 60. Civ.R. 53(E)(3)(b) maintains in part:
 [a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available.
An appellate court cannot consider a transcript on appeal that was not filed with the lower court before it made its judgment. Stateex rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728,730; Eash v. Eash (1984), 14 Ohio App.3d 298, 299. When a trial court adopts a magistrate's report and a party objecting to the report failed to provide the trial court with independent evidence and documents refuting the report, appeal from the trial court's decision can only be reviewed by an appellate court to determine whether the trial court's application of the law to the factual findings constitutes an abuse of discretion. State ex rel.Duncan v. Chippewa Twp. Trustees, 73 Ohio St.3d at 730; Proctor v.Proctor, 48 Ohio App.3d at 60.
The record demonstrates that Atco failed to file a transcript of the proceedings with the trial court. Thus, we cannot now consider a transcript of proceedings which was not presented to the trial court before it issued its judgment pursuant to Civ.R. 53. Without the transcript of proceedings, our review is limited to whether parol evidence was barred based on the claims at issue. Stringer asserted misrepresentation as an affirmative defense to the breach of contract claim asserted against her and as a tort counter-claim against Atco. This court has held that parol evidence may be considered where a party claims that misrepresentations induced that party to enter into the contract.Davidson v. Hayes (1990), 69 Ohio App.3d 28, 31. Furthermore, the tort of negligent misrepresentation is defined as the following:
 [o]ne who, in the course of his business * * * or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
Delman v. Cleveland Hts. (1989), 41 Ohio St.3d 1, 4. See Restatement of the Law 2d, Torts (1977), 126-27, Section 552(1). The magistrate's proceeding was not tainted by the admittance of parol evidence because Stringer pleaded misrepresentation. The proceeding addressed not only a breach of contract claim but also a tort claim for misrepresentation. Thus, the trial court did not abuse its discretion by failing to conclude that parol evidence was not allowed in the proceeding in the case at bar. Atco's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
The trial court erred when it held for [Stringer] because by the exercise of ordinary prudence and due diligence, [Stringer] could have discovered the unintentional misrepresentation by [Atco].
Atco contends that Stringer had the duty to exercise reasonable care and diligence in seeking to learn the facts which would disclose a misrepresentation. He asserts that the law requires that Stringer "must inquire and inspect the business in a reasonable fashion." He further argues that Stringer failed to fulfill this duty and thus lacks a claim for misrepresentation. We disagree.
Atco points to testimony at trial and argues that the trial court erred by not finding that Stringer failed to exercise reasonable care and diligence in seeking to learn the facts. However, as discussed in the first assignment of error, Atco failed to file a transcript of the proceedings when it filed its objections to the magistrate's report in the trial court. As a result, our review is limited to whether the trial court properly applied the law to the facts as presented in the magistrate's report.
The Ohio Supreme Court has defined the tort of negligent misrepresentation as follows:
 [o]ne who, in the course of his business * * * or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
Delman v. Cleveland Hts., 41 Ohio St.3d at 4. See Restatement of the Law 2d, Torts (1977), 126-27, Section 552(1). This court has found that a buyer not only has "a duty to inquire and inspect [a] business in a reasonable fashion," but also has "a right to rely on the representations made[.]" Davidson v. Hayes, 69 Ohio App.3d 28
at 32. See Starinki v. Pace (1987), 41 Ohio App.3d 200, 203. We find that the trial court did not abuse its discretion by not finding that Stringer failed to exercise reasonable care and diligence when she relied on a profit schedule which clearly indicated that it represented a one-year time period. Atco's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
The trial court improperly used the amount of money awarded.
 ASSIGNMENT OF ERROR IV
The trial court erred in awarding damages when none were proven by [Stringer], [and] the burden should have been on [Stringer] to mitigate her damages.
Because Atco's third and fourth assignments of error deal with whether the trial court properly assessed damages, we will address them together. Atco contends that $500 should be added to its judgment of $49,000 because the original contract price was $50,000, and Stringer had only paid $500. Atco further argues that it deserves interest on the amount due.
In addition, Atco asserts that Stringer failed to prove damages and to mitigate her damages and thus is not entitled to an award of damages. However, the trial court awarded damages to Stringer on the basis of the tort of negligent misrepresentation, not damages for breach of contract. Again, because Atco did not provide a transcript of proceedings to the trial court, our review is restricted to whether the trial court misapplied the law to the magistrate's findings of facts. A party who has suffered from negligent misrepresentation is entitled to recover those damages necessary to compensate that party for the pecuniary losses caused by the misrepresentation. McCarthy, Lebit, Crystal Haiman Co.,L.P.A. v. First Union Mgt., Inc. (1993), 87 Ohio App.3d 613, 629; Restatement of the Law 2d, Torts (1977) 140, Section 552(B). Furthermore, the damages for negligent misrepresentation have been outlined as the following:
 (1) The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause, including
 (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and
 (b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.
 (2) the damages recoverable for a negligent misrepresentation do not include the benefit of the plaintiff's contract with the defendant.
Restatement of Law 2d, Torts (1977) 140, Section 552(B); McCarthy,Lebit, Crystal Haiman Co. L.P.A. v. First Union Mgt., Inc.,7 Ohio App. 3 at 629; Harrell v. Crystal (1992), 81 Ohio App.3d 515,524.
Based on the damages allowed as a result of negligent misrepresentation and the factual finding of lost profits for Stringer by the magistrate, we find that the trial court did not abuse its discretion by not finding that Stringer failed to prove or to mitigate her damages. We also find that despite the $500 discrepancy between amount due on the contract and the amount granted to Atco, we find that the trial court did not abuse its discretion by failing to include this amount or interest where it sought to exclude the benefit of Stringer's contract with Atco in calculating the award of damages. Atco's third and fourth assignments of error are overruled.
 ASSIGNMENT OF ERROR V
The trial court erred in equity by awarding [Stringer] damages disproportionate to that which [Stringer] received from [Atco].
Atco argues that "[e]quity would dictate that Atco should be entitled to more than $5,000 for assets it sold to Defendant for $50,000." Because Atco failed to file a transcript of the trial proceedings with the trial court, we will not consider the factual assertions Atco makes concerning the calculation of damages on appeal. The trial court assessed damages against Stringer so that she would not benefit from the contract. In addition, the $45,000 off-set for Stringer was based on the damages permitted as a result of Atco's negligent misrepresentation. Thus, the trial court did not abuse its discretion by failing to award more damages to Atco.
 CROSS-ASSIGNMENT OF ERROR
Atco may not obtain the full purchase price for the assets under the parties' contract where the agreement as to price was based upon Atco's misrepresentations and the price significantly exceeds the assets' actual value.
Stringer contends that the trial court erred by off-setting her negligent misrepresentation reward. She argues that the trial court improperly concluded that the contract was enforceable. We disagree.
The Ohio Supreme Court has defined the tort of negligent misrepresentation as follows:
 [o]ne who, in the course of his business * * * or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
Delman v. Cleveland Hts., 41 Ohio St.3d at 4. See Restatement of the Law 2d, Torts (1977) 126-27, Section 552(1). Privity of contract is an essential element for recovery under negligent misrepresentation. Wodek v. Brandt Constr., Inc. (Mar. 19, 1997), Medina App. No. 2578-M, unreported, at 4-5. Furthermore, the damages for negligent misrepresentation have been outlined as the following:
 (1) The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause, including
 (a) the difference between the value of what he has received in the transaction and its purchase price or other value given for it; and
 (b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.
 (2) the damages recoverable for a negligent misrepresentation do not include the benefit of the plaintiff's contract with the defendant.
(Emphasis added.) Restatement of the Law 2d, Torts (1977) 140, Section 552B; McCarthy, Lebit, Crystal Haiman Co. L.P.A. v.First Union Mgt., Inc., 87 Ohio App.3d at 629; Harrell v. Crystal,81 Ohio App.3d at 524.
Based on the requirement of privity of contract and the exclusion of a party's benefit from a contract in recovering under negligent misrepresentation, we find that the trial court did not abuse its discretion by preventing Stringer from benefiting from the contract. Stringer's cross-assignment of error is overruled.
Atco's five assignments of error and Stringer's one cross-assignment of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ LYNN C. SLABY
FOR THE COURT
QUILLIN, J.
REECE, J.
CONCUR.