OPINION
{¶ 1} Defendants-appellants, James and Patricia Brousil, appeal from the denial of their Civ.R. 60(B) motion for relief from a cognovit judgment by the Lake County Court of Common Pleas. Defendant Concorde Controls, Inc. is not a party to the appeal.
 {¶ 2} On February 7, 2000, National City filed a complaint on a cognovit note alleging appellants failed to pay a note according to its terms and conditions. National City declared the balance of the cognovit note due, plus interest. National City stated that appellants executed unconditional and continuing guaranties on behalf of Concorde Controls, together with a warrant of attorney, on July 31, 1987, January 18, 1991, and July 20, 1992. National City asked for $87,006.86, together with interest at a rate of 11.75% per annum on the principal amount of $83,695, from January 22, 2001.
 {¶ 3} National City attached a note, dated August 4, 1994, to its complaint. The $100,000 note defined a "related writing" as meaning a writing of any form or substance signed by the obligor and received by National City in respect to the debtor's bank debt, including a guaranty. The note and related writings constituted the entire agreement. National City also attached a guaranty dated July 31, 1987, in which appellants guaranteed the payment of each obligation, then existing or created thereafter, of the debtor to the bank. The guaranty was to continue indefinitely, subject to appellants' written notice of termination of liability to National City as to each obligation. Copies of guaranties executed on January 18, 1991 and July 20, 1992 contain the same language. The trial court entered judgment on the cognovit note on February 7, 2001, in the amount requested by National City.
 {¶ 4} On March 9, 2001, appellants filed a Civ.R. 60(B) motion for relief from judgment. Appellants claimed that they had a meritorious defense to National City's claim for judgment on the cognovit guaranties.
 {¶ 5} In their motion, appellants stated they operated, and were sole shareholders of, Concorde Controls, Inc., a now defunct business in Mentor, Ohio. Appellants personally owned the building at which the business was located. In 1984, Concorde Controls obtained a line of credit from National City Bank. Appellants secured the line of credit and gave National City a mortgage on their personal residence. In 1987, appellants executed a personal guaranty and a mortgage on their residence as security for the guaranty.
 {¶ 6} In 1991, Concorde executed a new loan with National City. This loan also was personally guaranteed by appellants and secured by a mortgage on the Concorde Controls building. In 1994, appellants contend National City offered to re-finance Concorde's line of credit, without requiring appellants' personal guaranty, after another bank agreed to do the same. As a consequence, the line of credit was reduced from $150,000 to $100,000. Appellants then executed a new note with National City. The new note was executed on August 4, 1994.
 {¶ 7} Appellants attempted to sell the building where Concorde had been located in 2000, but the National City mortgage still appeared on the title. National City stated that the mortgage was to secure the 1994 line of credit, then having a balance of $87,000. National City then filed its complaint for judgment on the cognovit note.
 {¶ 8} Appellants argued they provided operative facts showing that the personal guaranties upon which the cognovit judgment was based were cancelled by National City. Appellants attached James Brousil's affidavit to their Civ.R. 60(B) motion. In the affidavit, James Brousil averred that the 1991 promissory note, secured by a mortgage on the Concorde building, was paid in full in June of 1992. Although the note was paid, Brousil stated that National City did not release the mortgage on the building. Brousil admitted he and his wife signed another general personal guaranty in 1992, shortly after the note was cancelled. Brousil stated that National City stated it would remove the personal guaranties on Concorde's line of credit if appellants did not re-finance the credit line with another bank. Brousil averred that the note executed between the parties on August 4, 1994, was not secured by appellants' personal guaranty. Appellants attached the promissory note executed on January 18, 1991, and marked cancelled as proof.
 {¶ 9} National City responded that the cognovit judgment was valid because the personal guaranty, executed in 1987 in order to extend the line of credit obtained in 1984, referred to one or more notes. The personal guaranties, executed over several years, ensured payment of each obligation, now existing or hereinafter created and were to continue indefinitely. Appellants only could cancel future extensions of the guaranties by contacting National City in writing. National City argued that the Commercial Demand Note, executed on August 4, 1994, referred to related writings, which by definition included any guaranties. National City did not receive any written notice from appellants requesting that the personal guaranties not be extended to cover the 1994 note. National City contended that the parole evidence rule barred the introduction of evidence outside of the note. National City maintained appellants failed to offer any credible evidence, aside from their personal recollection, to substantiate their claim that National City agreed to release appellants from the guaranties.
 {¶ 10} On May 21, 2001, the trial court issued its judgment entry denying appellants' Civ.R. 60(B) motion. The court found that the personal guaranties extended to any money loaned in the future as well as to presently loaned money. The court further found that the reference to "related writings" in the 1994 note included the previously executed personal guaranties. The court concluded appellants failed to present a meritorious defense as the evidence they sought to rely upon was precluded by the parole evidence rule. Also, there was no evidence appellants provided written notice to National City discontinuing the effect of the personal guaranties against future extensions of credit or showing that National City had released the guaranties. Appellants have appealed from this judgment.
 {¶ 11} Appellants assign the following errors for review:
 {¶ 12} "I. The trial court erred in denying appellants' motion for relief from a cognovit judgment without holding a hearing.
 {¶ 13} "II. The trial court erred in construing the 1987 guaranty and the 1994 commercial demand note since they were not part of the same transaction.
 {¶ 14} "III. The trial court incorrectly applied the parole evidence rule.
 {¶ 15} "IV. The trial court erred in ruling the appellants failed to present a meritorious defense."
 {¶ 16} In their first assignment of error, appellants contend the trial court erred by denying their Civ.R. 60(B) motion without first holding a hearing. Appellants assert they provided evidentiary materials with their motion that alleged operative facts which, if true, would warrant relief from judgment. Appellants rely upon James Brousil's affidavit as evidence that National City released the personal guaranties in 1994. Appellants maintain that the 1994 loan agreement makes no mention of any personal guaranty, supporting their contention that the agreement was not secured by their personal guaranty. Appellants point out that the personal guaranties relied upon by National City as evidence that appellants guaranteed the 1994 agreement were all signed prior to the execution of the 1994 contract. Appellants assert that a release of the guaranties or a misrepresentation by National City that the guaranties would be released as an inducement to enter into the 1994 contract is a meritorious defense to the cognovit judgment.
 {¶ 17} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment. GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Where the judgment sought to be vacated is a cognovit judgment, the movant has a lesser burden. Because the defendant never had a chance to be heard in the cognovit proceedings, he should be given his day in court. The movant need only assert that the motion was timely made and that he had a meritorious defense. Davidson v. Hayes (1990),69 Ohio App.3d 28. The moving party does not have to prove his case on the motion, but only show that he had a meritorious claim or defense to assert. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 18} Whether relief should be granted is addressed to the sound discretion of the trial court. Griffey v. Rajan (1987), 33 Ohio St.3d 75,77. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Hopkins v. Quality Chevrolet, Inc. (1992),79 Ohio App.3d 578, 581.
 {¶ 19} A trial court does not abuse its discretion by failing to conduct an evidentiary hearing on a Civ.R. 60(B) motion when the court has sufficient evidence before it to decide whether a meritorious defense was presented. Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 14.
 {¶ 20} In Huntington Nat. Bank v. Martin (Mar. 12, 1999), 11th Dist. No. 98-L-082, 1999 Ohio App. LEXIS 936, this court held that a continuing, unlimited guaranty was a separate and distinct agreement from the loan agreements at issue in the case. The guaranty at issue stated that guaranteed full payment of all obligations of any kind for which the debtor is now or may hereafter become liable.
 {¶ 21} In the instant case, appellants executed numerous guaranties over several years, all of which stated that the guaranty in question would continue indefinitely and guarantee payment of future obligations in addition to the obligation entered into at the time of the agreement. The 1994 contract includes any related writing as part of the agreement. Guaranties specifically are listed as being related writings. Therefore, the guaranties were included in the 1994 contract as related writings. Further, the 1994 contract contains an integration clause, stating that the note and related writings constitute the entire agreement of the parties.
 {¶ 22} Based upon the language of the 1994 agreement, including the related writings, the evidence offered by appellants in support of their Civ.R. 60(B) motion did not constitute a valid defense to the cognovit judgment. Appellants basically only offered the affidavit of James Brousil as evidence that National City agreed to release the earlier guaranties in return for appellants' continued business. Appellants offered no written evidence that this occurred nor did they identify the National City officer who allegedly agreed to the release. Based upon the evidentiary materials submitted to the trial court, we find no abuse of discretion in the trial court rendering its denial of the Civ.R. 60(B) motion without first holding a hearing, as the court had sufficient evidence before it to decide whether appellants had a meritorious defense. Appellants' first assignment of error is overruled.
 {¶ 23} In their second assignment of error, appellants assert that the trial court erred by considering the 1987 guaranty to be a part of the 1994 note because it was not part of the same transaction as the 1994 note. Appellants maintain that the "related writings" provision of the 1994 note meant the additional documents that accompanied that note. Appellants rely on the seven-year period between the guaranty and the note as evidence that the two documents were not part of the same transaction. Also, appellants point out that their line of credit was reduced in the 1994 note. Appellants argue that their line of credit would not have been lowered had the line of credit been continuous.
 {¶ 24} A court must interpret a contract so the intent of the parties may be ascertained and given effect. Crane Hollow, Inc. v.Marathon Ashland Pipe Line (2000), 138 Ohio App.3d 57. When a court is construing the meaning of a contract, the intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement. Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130. If contractual terms are unambiguous, a court may not fashion a new contract or interpret contractual terms in a manner not expressed by the clear intent of the parties. Alexander v. Buckeye Pipeline Co. (1978),53 Ohio St.2d 241. The objective meaning of the words used in the contract control. Yaroma v. Griffiths (1995), 104 Ohio App.3d 545. If the contract is clear and unambiguous, then its interpretation is a matter of law that an appellate court reviews de novo. Nationwide Mut. Fire Ins.Co. v. Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108.
 {¶ 25} Appellants correctly state that writings executed as part of the same transaction will be read as a whole and read as one document. The intent of the parties will be gathered from a consideration of the whole. Foster Wheeler Enviresponse, Inc. v. Franklin Cty.Convention Facilities, Auth., 78 Ohio St.3d 353, 1997-Ohio-202. Appellants argue that the seven-year gap between the two documents and the lowering of their line of credit proves that the documents were not part of the same transaction. Appellants further assert that the "related writings" referenced in the 1994 note only refer to documents executed within the same time frame as the note.
 {¶ 26} The definition of "related writings" in the 1994 agreement includes guaranties. The guaranty at issue includes language covering future obligations of the parties. Future obligations would include the 1994 note. Based upon the unambiguous language of the guaranty and the note, the 1987 guaranty was incorporated into the 1994 note. That the note was executed seven years after the guaranty is not dispositive because the guaranty includes future obligations. Neither is the lowering of the line of credit dispositive because a line of credit may be changed by the parties. The trial court did not abuse its discretion by finding that the 1987 guaranty and the 1994 note were part of the same loan transaction. Appellants' second assignment of error lacks merit.
 {¶ 27} In their third assignment of error, appellants challenge the trial court's determination that the parole evidence rule applied in the instant case. Appellants contend that, pursuant to the parole evidence rule, evidence relating to past or contemporaneous negations is excluded if there is a final written agreement between the parties. Appellants state the parole evidence rule is inapplicable because the 1994 note did not contain any personal guaranties and superceded any prior written agreements by its express terms. Appellants assert they modified the earlier guaranties subsequent to their execution. Further, appellants maintain that fraud and promissory estoppel negate the application of the parole evidence rule.
 {¶ 28} Briefly, we note that appellants failed to raise the issues of fraud and promissory estoppel in their Civ.R. 60(B) motion made at the trial court level. As a result, those issues are not properly before this court and are considered waived by appellants. Ridgway v. Grange MutualCasualty Co. (April 19, 2002), 11th Dist. No. 2001-P-0067, 2002 Ohio App. LEXIS 1919; Hatfield v. Wray (2000), 140 Ohio App.3d 623. The parole evidence rule protects the integrity of written contracts by prohibiting evidence of contemporaneous and prior negotiations, oral or written. The rule comes into operation once the parties reach a final memorial of the understanding of the parties. Galmish v. Cicchini, 90 Ohio St.3d 22,2000-Ohio-7.
 {¶ 29} There is no written evidence the parties modified the earlier guaranties. In essence, appellants are not arguing that the guaranties were modified but that they were released from guaranties for the 1994 note. The guaranties provided that appellants could terminate the guaranties by providing written notice of their intent to do so to National City. Appellants never claimed that they terminated the guaranties in writing, but rely on an alleged oral representation from someone at National City to release the personal guaranties as proof that the guaranties were not included in the terms of the 1994 note. This contradicts the express terms of the personal guaranties and would be barred by the parole evidence rule. Also, as stated above, the 1994 note expressly provides that guaranties are related writings and included as part of the contract. Because appellants do not argue they terminated the earlier guaranties in writing, the guaranties are part of the 1994 contract. Appellants claim of a modification is barred by the parole evidence rule. Appellants' third assignment of error is overruled.
 {¶ 30} Appellants' fourth assignment of error challenges the trial court's ruling that they failed to present a meritorious defense. Appellants again rely upon their claim that National City released their personal guaranties. Appellants also assert they relied upon National City's representation that the guaranties would be released in entering into the 1994 note. These issues have been addressed above.
 {¶ 31} Appellants further assert that the 1994 note is ambiguous because one clause states all prior written agreements are superceded while the "related writings" section could include prior personal guaranties. A review of the contract shows that the integration clause states that the note and the related writings constitute the entire agreement of the parties and supercede any prior agreements. There is nothing ambiguous about this clause. The trial court did not abuse its discretion by determining that appellants failed to present a meritorious defense to the cognovit judgment. Appellants' fourth assignment of error lacks merit. The judgment of the Lake County Court of Common Pleas is affirmed.
DONALD R. FORD, J., JUDITH A. CHRISTLEY, J., concur.