JOURNAL ENTRY AND OPINION.
{¶ 1} This is an appeal by Somerset Point Limited Partnership ("Somerset") from an order of Judge Richard J. McMonagle denying its motion to vacate a cognovit judgment under Civ.R. 60(B). Somerset claimed that, because its lease with Dovi Interests, Ltd. ("Dovi") had not been validly terminated, the cognovit note had not reached a date of maturity as defined in that document, the note was not due and, therefore, Dovi could not obtain a valid judgment against it. Dovi countered that the lease gave it unfettered discretion to unilaterally terminate the lease at any time after September 30, 2002, with ninety days' notice, and that the note was properly due on January 6, 2003. We affirm.
 {¶ 2} Dovi leased from Somerset, effective April 26, 2002, all land and facilities comprising the Somerset Point Retirement Community in Shaker Heights and assumed operation of the facility. Earlier, on April 18, 2002, Somerset, by its president, Barbara Burgess-Van Aken, executed a promissory note permitting Somerset to borrow up to $700,000, "or such lesser amount as shall actually have been borrowed by [Somerset] from [Dovi] hereunder or pursuant to the lease, or both * * *."[1] The note contained a warrant of attorney provision authorizing Dovi's attorney to appear in any court to confess judgment against Somerset in the event that payment became due under the note "whether by lapse of time, acceleration, or otherwise."[2] On that same date, the parties executed an agreement through which Dovi would have the option to purchase the Somerset Point Retirement Community property under negotiated terms and conditions not relevant to the instant controversy.
 {¶ 3} There is no dispute that Dovi terminated its lease of the facility, effective January 6, 2003, and that Somerset assumed operation of the facility on that date.[3] On January 17, 2003, Dovi filed a complaint for judgment under the cognovit note, alleging that Somerset had defaulted under it. An attorney at Dovi's law firm appeared on behalf of Somerset, under the warrant of attorney in the cognovit note, and confessed judgment against it in the amount of $680,559.32, plus interest and costs.
 {¶ 4} On January 23, 2003, Somerset moved to vacate the cognovit judgment on the basis that the note provided for repayment on the "maturity date," defined as "* * * the earlier of (i) the closing and transfer of the [retirement community] under the Purchase Agreement and (ii) the termination of the lease."[4] The lease, which Dovi had not attached to its complaint but Somerset introduced into the record as an exhibit to its 60(B) motion, provided for a term ending on December 31, 2007, with options for three five-year renewal periods. It contained the following provision related to early termination of a lease term:
 {¶ 5} "In the event [Dovi] is unable to Close the purchase of the Leased Premises under the terms and conditions set forth in the Option to Purchase Agreement, as more fully described in Section 23 herein, on or before September 30, 2002; [Dovi] may terminate this Lease at any time thereafter with ninety (90) days notice to [Somerset], with no further obligations hereunder except for those obligations accruing prior to such termination and this Lease shall automatically terminate upon the conclusion of such ninety (90) day period. Further, [Somerset] shall have the right to terminate this Lease if [Dovi] is unable to close the purchase of the Leased Premises under the terms and conditions set forth in the Option to Purchase Agreement by September 30, 2002 at any time thereafter by providing at least ninety (90) days notice to [Dovi], with no further obligations hereunder except for those obligations accruing prior to such termination and this Lease shall automatically terminate upon the conclusion of such ninety (90) day period if such termination date is at least one (1) year form [sic] the Commencement date. In the event the conclusion of such ninety (90) day period is less than one (1) year from the Commencement Date, the effective date of the termination shall be April 30, 2003."[5]
 {¶ 6} Somerset argued that, under this term in the lease, termination could be effected by either party no earlier than April 30, 2003.[6] It contended that Dovi, therefore, could not terminate the lease in January, 2003, no condition in the note was satisfied to constitute a maturity date, and the note was not "due" when Dovi asserted its right to payment and cognovit judgment. In addition to attaching copies of the cognovit note, lease and option to purchase agreement, Somerset included with its motion to vacate an affidavit by Burgess-Van Aken testifying to the above arguments. The judge denied Somerset's motion to vacate after an in-chambers conference with all parties.
 {¶ 7} On appeal, Somerset again urges the arguments contained in its motion to vacate in four assignments of error set forth in Appendix A.
 I. A MERITORIOUS DEFENSE. {¶ 8} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment.[7]
 {¶ 9} Where the judgment sought to be vacated is a cognovit judgment, the movant has a lesser burden.[8] Because the defendant never had a chance to be heard in the cognovit proceedings, he should be given his day in court. The movant need only assert that the motion was timely made and that he had a meritorious defense.[9] The moving party does not have to prove his case on the motion, but only show that he had a meritorious claim or defense to assert.[10] Whether relief should be granted is addressed to the sound discretion of the judge.[11] The term "abuse of discretion" implies that the judge's attitude was unreasonable, arbitrary, or unconscionable.[12]
 {¶ 10} No argument has been made, and none can be advanced, that leases and promissory notes are not contracts between the parties. Thus, they are subject to certain well-settled principles of contract law. The overriding concern of any judge when construing a contract is to ascertain and effectuate the intention of the parties.[13] Common words appearing in a written instrument will usually be given their ordinary meaning,[14] and if the contract is clear and unambiguous the judge need not go beyond the plain language of the agreement to ascertain the rights and obligations of the parties.[15]
 {¶ 11} The opening recitals of the cognovit note, as Somerset points out, state: "[n]otwithstanding any provision or inference to the contrary, this Note is due on the Maturity Date without presentment, demand for payment, or notice of any kind, all of which are waived by [Somerset]." The Maturity Date, as noted above, is defined by the note as either the date of the transfer of the Retirement Community from Somerset to Dovi or the termination of Dovi's lease. The early termination provision of the lease, applicable to Dovi, states, "In theevent [Dovi] is unable to Close the purchase of the Leased Premises underthe terms and conditions set forth in the Option to Purchase Agreement,as more fully described in Section 23 herein, on or before September 30,2002; [Dovi] may terminate this Lease at any time thereafter with ninety(90) days notice to [Somerset], with no further obligations hereunderexcept for those obligations accruing prior to such termination and thisLease shall automatically terminate upon the conclusion of such ninety(90) day period. * * *"[16]
 {¶ 12} The early termination provision of the lease applicable to Somerset, however, states, "* * * Further, [Somerset] shall have theright to terminate this Lease if [Dovi] is unable to close the purchaseof the Leased Premises under the terms and conditions set forth in theOption to Purchase Agreement by September 30, 2002 at any time thereafterby providing at least ninety (90) days notice to [Dovi], with no furtherobligations hereunder except for those obligations accruing prior to suchtermination and this Lease shall automatically terminate upon theconclusion of such ninety (90) day period if such termination date is atleast one (1) year form [sic] the Commencement date. In the event theconclusion of such ninety (90) day period is less than one (1) year fromthe Commencement Date, the effective date of the termination shall beApril 30, 2003."[17]
 {¶ 13} The plain language of the early termination provisions reveals that, after September 30, 2002, Dovi could terminate the lease at any time upon ninety days' notice to Somerset, without limitation or qualification. It is also clear that Somerset could terminate the lease upon ninety days' notice to Dovi, but it could not terminate the lease before April 30, 2003. Although Somerset argues that this limitation applies to Dovi as well, it is clear that Somerset is the only party whose termination rights are so limited.
 {¶ 14} The parties do not dispute that the lease terminated, at the request of Dovi, On January 6, 2003. With this termination the note was mature and, under its own provisions, it became immediately due. Therefore, the claim that Dovi was not entitled to payment under the note because it had not reached maturity is incorrect and does not establish a meritorious defense to the judgment granted. The judge acted within his discretion in denying Somerset's motion to vacate. Additionally, we note that Somerset does not dispute its $680,559.32 debt so there was no reason to vacate the judgment Dovi obtained. The first and second assignments of error are overruled.
 II. THE CLAIMS IN THE COMPLAINT AND NEED FOR A HEARING. {¶ 15} Somerset contends that because the maturity date for the debt was defined in the lease and not in the cognovit note, and the lease was not part of Dovi's complaint, the judge could not properly grant a judgment on that note. Moreover, it claims it was entitled to an evidentiary hearing before its motion to vacate could be denied.
 {¶ 16} There is no need for an evidentiary hearing on a Civ.R. 60(B) motion when there is sufficient evidence upon which to decide whether a meritorious defense was presented.[18] Dovi, in its complaint, did not allege that the note had become due through the arrival of the maturity date but only that it was entitled to cognovit judgment because of Somerset's default, which was admitted in the answer filed on Somerset's behalf. The cognovit note, attached to the complaint, represented Dovi's right to recover money "* * * as shall actually have been borrowed by [Somerset] from [Dovi] hereunder or pursuant to the lease, or both * * *."[19] Therefore, the complaint alleged a prima facie entitlement to judgment under the note without regard to any lease provision and cognovit judgment was properly entered.
 {¶ 17} Somerset's burden in seeking relief from judgment, therefore, was to allege a defense to the complaint — to allege that it had not defaulted. A review of Section 3.1(C)(2) of the lease discloses that Dovi acted within its authority in terminating the lease on January 6, 2003. Somerset introduced the lease into the record as an attachment to its motion. While there is nothing in the record reflecting a formal hearing on Somerset's motion, both parties agree that before the judge issued his decision, an informal discussion took place in his chambers. The judge had the evidence needed to determine whether Somerset's asserted defense had merit and no evidentiary hearing was needed or, for that matter, even requested. Assignments of error three and four are overruled.
 {¶ 18} Judgment affirmed.
APPENDIX A: SOMERSET'S ASSIGNED ERRORS IN ITS APPELLATE BRIEF.
 {¶ 19} "I. The lower court erred in failing to grant defendant's motion to vacate the cognovit judgment when the motion to vacate was supported by an affidavit which set forth facts establishing that defendant had a meritorious defense to the complaint."
 {¶ 20} "II. The lower court erred in failing to grant defendant's motion to vacate the cognovit judgment when the affidavit submitted with the motion to vacate established that there had been no default on the note."
 {¶ 21} "III. The lower court erred in failing to grant defendant's motion to vacate the cognovit judgment when the affidavit submitted with the motion to vacate established that documents outside of the cognovit note were necessary to the determination of whether there had been a default on the note and what amount, if any, was due on the note."
 {¶ 22} "IV. The lower court erred in failing to hold an evidentiary hearing on defendant's motion to vacate the cognovit judgment."
ANTHONY O. CALABRESE JR., J., concurs.
MICHAEL J. CORRIGAN, P.J., concurs in judgment only.
[1] Note, introductory recitals.
[2] Note, paragraph 12.
[3] Ms. Burgess-Van Aken averred as much in paragraph 7 of an affidavit attached to Somerset's 60(B) motion.
[4] Note, paragraph 4.
[5] Retirement Community Lease, Section 3.1(C)(2).
[6] Id., last sentence.
[7] GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
[8] See Medina Supply Co. v. Corrado (1996), 116 Ohio App.3d 847,850-51, Davidson v. Hayes (1990), 69 Ohio App.3d 28, Society NationalBank v. Val Halla Athletic Club Recreation Center, Inc. (1989),63 Ohio App.3d 413.
[9] Davidson v. Hayes (1990), 69 Ohio App.3d 28.
[10] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20,Moore v. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 67,Meyers v. McGuire (1992), 80 Ohio App.3d 644, 646.
[11] Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
[12] Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578,581.
[13] Trinova Corp. v. Pilkington Bros., P.L.C. (1994), 70 Ohio St.3d 271,276.
[14] Sanitary Commercial Services, Inc. v. Shank (1991),57 Ohio St.3d 178, 182, Alexander v. Buckeye Pipeline Co. (1978),53 Ohio St.2d 241, at paragraph two of the syllabus.
[15] Seringetti Constr. Co. v. Cincinnati (1988), 51 Ohio App.3d 1,4.
[16] Retirement Community Lease, Section 3.1(C)(2).
[17] Id.
[18] Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9.
[19] Note, introductory recitals.