OPINION
{¶ 1} Defendant-appellant Westfield Village, L.P. [hereinafter appellant] appeals from the October 31, 2002, judgment of the Ashland County Court of Common Pleas which denied appellant's motion for relief from judgment. Plaintiff-appellee is Robert D. May [hereinafter appellee].
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 8, 2002, appellee filed a complaint for judgment upon a cognovit note in the Ashland County Court of Common Pleas. The complaint concerned a $600,000.00 promissory note originally executed on April 27, 1998, between The Huntington National Bank and appellant. The note had been signed by W. Keith Walsh, a general partner in appellant. According to a notation on the note, on June 13, 2003, the note had been transferred to Robert D. May. The promissory note contained cognovit provisions.[1] The complaint was accompanied by an Answer confessing judgment by way of a Warrant of Attorney signed by Attorney Michael Sullivan. On that same date, the trial court filed a Judgment Entry granting final judgment on the promissory note in the amount of $603,133.34 with interest and costs. The Judgment Entry was sent to appellant and was received on August 27, 2002.
 {¶ 3} On October 1, 2002, appellant filed a motion for relief from judgment. On October 31, 2002, the trial court overruled the motion, without conducting a hearing.
 {¶ 4} It is from the October 31, 2002 Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 5} "I. THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT/APPELLANT BY OVERRULING THE DEFENDANT/APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
 {¶ 6} "II. THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT/APPELLANT BY DENYING THE DEFENDANT/APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WITHOUT A HEARING."
 I {¶ 7} In the first assignment of error, appellant argues that the trial court erred in denying appellant's motion for relief from judgment. We disagree.
 {¶ 8} First, appellant contends that a "strong argument" can be made that the Huntington National Bank could have taken a cognovit judgment but a transferee such as appellee could not. Appellant cites case law that says a transferee cannot get a cognovit judgment if the language of the note is specific as to whom the cognovit provisions apply and the transferee is not that person. Here, appellant claims that because the language of the note gave the "lender," Huntington National Bank, cognovit rights, only Huntington National Bank could get a cognovit judgment. Essentially, appellant contends that while the note was transferable, the cognovit provisions were not. Appellant concludes that the trial court's judgment was void. We find appellant's argument meritless.
 {¶ 9} The cases cited by appellant are all pre-Uniform Commercial Code [hereinafter UCC] cases. The UCC, as adopted by Ohio in Chapter 13 of the Ohio Revised Code, was adopted to simplify, clarify and modernize the law governing commercial transactions. R.C. 1301.02. To that extent, "[u]nless displaced by . . . particular provisions . . ., the principals [sic] of law and equity . . . shall supplement their provisions." R.C.1301.03.
 {¶ 10} We find that R.C. 1303.22 displaced prior case law regarding the transferability of cognovit provisions. Under R.C. 1303.22, "[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument. . . ." As such, the transfer of the promissory note containing the cognovit provision transferred the right to obtain a cognovit judgment to the transferee. Since appellee was the transferee, appellee received the right to obtain a cognovit judgment.
 {¶ 11} In the alternative, appellant argues that he is entitled to relief pursuant to Civ.R. 60(B)(5).[2] Generally, in order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment.GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus. However, where the judgment sought to be vacated is a cognovit judgment, the movant has a lesser burden. Because the defendant never had a chance to be heard in the cognovit proceedings, he should be given his day in court. The movant need only assert that the motion was timely made and that he had a meritorious defense. Davidson v. Hayes (1990), 69 Ohio App.3d 28,590 N.E.2d 18. The moving party does not have to prove his case on the motion, but only show that he had a meritorious claim or defense to assert. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20,520 N.E.2d 564.
 {¶ 12} Our standard of review is abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Hopkins v. Quality Chevrolet, Inc. (1992),79 Ohio App.3d 578, 581, 607 N.E.2d 914.
 {¶ 13} Appellant's claim is made pursuant to Civ.R. 60(B)(5). Civil Rule 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). Caruso-Ciresi, Inc. v.Lohman (1983) 5 Ohio St.3d 64, 448 N.E.2d 1365. The grounds for invoking Civ.R. 60(B)(5) should be substantial. Id.
 {¶ 14} On appeal, appellant raises 6 defenses: 1) lack of personal jurisdiction; 2) lack of subject matter jurisdiction; 3) discharge; 4) payment; 5) modification by separate oral agreement; and 6) estoppel. Upon review, we find that appellant has failed to raise a meritorious defense.
 {¶ 15} Since this court has found that the cognovit provisions were transferable to appellee, and appellant has not contended that the cognovit provisions are otherwise unenforceable, we find that the language of the cognovit provision waived any assertions of lack of personal or subject matter jurisdiction. The cognovit provision provided that the confession of judgment could be taken in "any court of record" and specifically stated that appellant agreed to submit to the jurisdiction of the courts of Ashland County.
 {¶ 16} Further, appellant alleges discharge and payment. However, the affidavit provided in support of the motion only alleges that appellee paid the note, it does not allege nor provide evidence that appellant paid the note. It was appellant that executed the note, not appellee. Appellee received the note through a transfer from Huntington National Bank.
 {¶ 17} Lastly, appellant claims that oral agreements made prior to the issuance of the note modify the terms of the note. In his affidavit, appellant presented the following account of events that lead to the issuance of the note:
 {¶ 18} W. Keith Walsh was the general partner of appellant in 1998 when the note was signed. Appellee was a limited partner in appellant. Appellee is also Walsh's father-in-law. Walsh owed appellee approximately $477,079.90 on various loans appellee made to Walsh and Walsh's wife, Karen.[3] According to Walsh, appellee contacted Walsh and proposed a method by which Walsh could pay off appellee and generate some working capital. Appellee claimed that he had gone to a local bank [not named] and already made the arrangements. Appellant would borrow $600,000 from a local bank. According to Walsh, Walsh would only have to pay interest on the note and he would never have to pay the principal. The note would be extended when it became mature and continue to be extended until appellee and his wife died. At that time, either appellee or his wife's estate would pay the principal of the note as a gift to Walsh and his wife. Appellee was to take care of everything with the bank.
 {¶ 19} Walsh, as general partner of appellant, executed the note. The promissory note was to be used to set up a line of credit which could be drawn against by appellant. After the transaction, Walsh drew out $478,079.90 and gave all but $100 to appellee. The $100 was a service fee to the bank. Later, Walsh drew out the remaining balance from the $600,000 line of credit. Walsh made the interest payments.
 {¶ 20} The oral agreement which appellant seeks to rely upon to modify the terms of the note was not between appellant and the other original party to the note. The note was originally between appellant and Huntington National Bank. There was no agreement between those parties except the terms of the note. Therefore, even if we were to assume arguendo that an oral agreement could modify the terms of a promissory note, any agreement with a third party, such as appellee, could not change the terms of the agreement between appellant and Huntington National Bank. Thus, whether appellee breached an agreement with appellant is immaterial to the case at hand.
 {¶ 21} Appellant also argues estoppel as a defense. Appellant's proposed Answer which was filed in the trial court raised estoppel as a defense. However, appellant's motion for relief from judgment does not address the defense and the Answer provides no basis nor reasoning to explain appellant's assertion of estoppel. Essentially, appellant raises this argument for the first time on appeal. A party cannot assert new arguments for the first time on appeal. Stores Realty Co. v. Cleveland
(1975), 41 Ohio St.2d 41, 42, 322 N.E.2d 629. Since appellant failed to argue estoppel to the trial court, this court will not review the issue on appeal. Lippy v. Society Natl. Bank (1993), 88 Ohio App.3d 33,623 N.E.2d 108.
 {¶ 22} Accordingly, we find that the trial court did not error in denying appellant's motion for relief.
 II {¶ 23} In the second assignment of error, appellant contends that the trial court should have held had a hearing on appellant's motion prior to ruling on the motion. We disagree.
 {¶ 24} If the Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion. Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18,665 N.E.2d 1102; Coulson v. Coulson (1983), 5 Ohio St.3d 12, 16,448 N.E.2d 809, 812. Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B). S. Ohio Coal Co. v. Kidney (1995), 100 Ohio App.3d 661, 667,654 N.E.2d 1017, 1021.
 {¶ 25} Having previously found that appellant failed to state operative facts to establish a meritorious defense, we find that the trial court did not err in failing to hold a hearing on appellant's motion for relief of judgment.
 {¶ 26} The judgment of the Ashland County Court of Common Pleas is hereby affirmed.
By: Edwards, J., Hoffman, P.J. and Farmer, J. concur.
[1] "This Note has been delivered to Lender and accepted by Lender in the State of Ohio. If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of ASHLAND County, the State of Ohio. Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other. This Note shall be governed by and construed in accordance with the laws of the State of Ohio
"Borrower hereby irrevocably authorizes and empowers any attorney-at-law, including an attorney hired by Lender, to appear in any court of record and to confess judgment against Borrower for the unpaid amount of the Note as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, plus attorneys' fees as provided in this Note, plus costs of suit, and to release all errors, and waive all rights of appeal.
"WARNING — BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME, A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE." Cognovit Note.
[2] Civil Rule 60(B) states as follows: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."
[3] Now, Walsh and his wife are getting a divorce.