**MELTON, Plaintiff-Appellant, v. BAYLOR et, Defendants-Appellees.**
**MELTON, Plaintiff-Appellant, v. WASHINGTON et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 23023, 23024. Decided March 17, 1954.

504

J. B. Dworken, M. R. Dworken, Cleveland, for plaintiff-appellant.

E. L. Watson, J. G. Shackleford, Cleveland, for defendant-appellees.

(STEVENS, PJ, HUNSICKER, J, of the 9th District: COLLIER, J, of the 4th District, sitting by designation in the 8th District.)

## OPINION

By COLLIER, J:

These two cases originated in the Municipal Court of the City of Cleveland, Cuyahoga County, Ohio, in which the plaintiff obtained default judgments. Inasmuch as the same questions of law are involved in each of the cases they are considered together and the parties will be referred to as the plaintiff and the defendants.

The plaintiff, Thess Melton, on the 29th day of May, 1951, obtained a judgment in each case by default and thereafter, in January, 1952, at a subsequent term of court, defendants filed petitions to vacate the said judgments. On October 23, 1952, the trial court vacated the judgment in each case and the defendants were given leave to file answers. At the hearing no evidence was submitted, but after a long colloquy between counsel and the court, the court announced the judgments would be vacated.

The conversation between court and counsel, consisting of 33 pages as shown by the bill of exceptions, may not be considered in any sense, as evidence; there is no agreed statement of facts and counsel do not agree on a single question involved in the case. The said colloquy reveals a long and complicated history of these cases before the rent Control Board and in the Municipal Court of Cleveland and in the Federal District Court, but a determination of the only important question presented to this court by the record renders it unnecessary to consider the other issues.

As we view the record, the only question this court is called upon to decide is whether or not the trial court had the authority to vacate these judgments upon the statements of counsel, in the absence of any proof of the grounds alleged for setting aside the judgments and without evidence of a valid defense to the action.

The decisions of Ohio courts are unanimous that a court is without authority to modify its judgment after term at which it is rendered, except as provided in §11631 et seq, GC (§2325-01 et seq, R. C.). See **Robinson, In re, 8 Oh Ap 391, Washington v. Levinson, 66 Oh Ap 461, Grelle, Jr., v. Humbel et al, 84 Oh Ap 277,** and **Rabb, Admr. v. Board of County Commissioners of Cuyahoga County, et al, 36 Oh Ap 481.**

The case of Grelle, Jr., v. Humbel et al, is almost identical in every respect with the instant case and we concur with the conclusion stated by Wiseman, P. J., in the opinion at page 278:

"A court is without power to vacate a judgment after term unless there is strict compliance with the controlling statutory provisions."

This statute, §11631 GC (§2325.01, et seq, R. C.), provides that the court must determine from the evidence: (1) whether a ground for vacation exists, and (2) whether there is substantial evidence of a valid defense. These statutory requisites were not complied with and therefore the court was without authority to vacate the judgments.

The judgments are reversed and the cause remanded for further proceedings according to law. Exc. Order see journal.

STEVENS, PJ, HUNSICKER, J, concur.

### MELTON, Plaintiff-Appellant, v. BAYLOR et, Defendants-Appellees.
### MELTON, Plaintiff-Appellant, v. WASHINGTON et, Defendants-Appellees.

Nos. 23023, 23024. Decided April 14, 1954.

### OPINION

By THE COURT:

These cases are before the court on the following two motions:

1. A motion by the defendant-appellees requesting a hearing which is designated as a "petition" for rehearing, and

2. A motion filed for the plaintiff-appellant to tax costs.

The motions will be considered in the order stated.

1. The present rules of the Court of Appeals in Ohio do not provide for an application for rehearing. See: **81 Oh Ap (Xli).**

However, we have reconsidered the questions involved in these cases and have examined the briefs supporting and opposing the motion and find no reason for changing the

original decision. Therefore the motion for rehearing is overruled.

2. The motion filed by the plaintiff-appellant to tax costs is sustained on the authority of §2505.41 R. C. (§12223-43 GC).

STEVENS, PJ, HUNSICKER, J, COLLIER, J, concur.