CENTRAL NATIONAL BANK OF CLEVELAND, PLAINTIFF-APPELLANT, *v.* STANDARD LOAN & FINANCE COMPANY, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26555.   Decided January 23, 1964.

*Messrs. Arter, Hadden, Wykoff & Van Duzer,* for plaintiff-appellant.
*Messrs. Bulkley & Butler,* for defendant-appellee.

ARTL, J.   This is an appeal on questions of law from an order of the Court of Common Pleas vacating a judgment rendered by said court upon a note and warrant of attorney in favor of plaintiff upon defendant's petition to vacate after term.

On December 14, 1961, plaintiff filed its petition for judgment upon a promissory note executed by the defendant on Au-

gust 18, 1959, in the original amount of $15,000, upon which there was due the sum of $14,303.50, with interest at six per cent. The note contained a proper warrant of attorney. Judgment was entered against defendant at that time.

During the following term of court, on January 31, 1962, defendant Standard Loan and Finance Company filed its petition to vacate the judgment. An answer was filed by plaintiff generally denying the allegations of the petition.

Thereafter, the petition to vacate was heard by the court upon the pleadings, arguments and briefs of plaintiff and defendant as shown by the bill of exceptions filed herein. The court, on May 16, 1963, made the following entry in the case:

"Petition by deft. to vacate and set aside judgment heard and the Court finding that the petition to vacate sets forth a valid defense, after hearing had said petition is granted. Judgment vacated. The judgment vacating judgment is suspended pending trial of the cause on the issues joined and leave to deft. to plead by June 1, 1963, to all of which Pltff. excepts * * *." (Citing cases.)

On June 4, 1963, plaintiff filed its Notice of Appeal in this court.

Central National Bank, appellant herein, assigns error as follows:

1. The court below erred in vacating the judgment by confession since the ground alleged by defendant Standard Loan and Finance Company for vacation is not a valid one.

2. The court below erred in vacating the judgment by confession where defendant Standard Loan and Finance Company failed to present any evidence upon which the court could base its order.

3. The action of the court below is contrary to law.

Upon examination of the petition to vacate the judgment, it clearly appears that the defendant brought its action under favor of Section 2325.01, Revised Code, subsection I.

The defendant's petition to vacate alleges that the ground for vacating the judgment is that the judgment was taken "for more than was due without any notice to this defendant." It further states that defendant had certain checking accounts with plaintiff; that plaintiff has paid out certain forged checks and charged them against defendant's checking account; that plain-

tiff recouped certain moneys from these forged checks and has never accounted to the defendant for same; that plaintiff has refused to set off the forgeries against this account, and there is nothing due and owing the plaintiff.

The defendant's petition to vacate admits the execution of the note and the receipt of consideration for the note. It does not deny that the amount of the judgment is the amount due plaintiff at the time judgment was taken. It, therefore, appears that the defendant is not alleging that judgment was taken for more than was due upon said note to which defendant has a defense but that defendant has a cross-claim or setoff against the plaintiff.

Sections 2325.05 and 2325.06, Revised Code, set out in detail the procedure to be followed:

Section 2325.05, Revised Code:

"The proceedings to vacate a judgment or order on the grounds mentioned in divisions (D) to (J), inclusive, of Section 2325.01, Revised Code, shall be by petition, verified by affidavit, setting forth the judgment or order, the grounds to vacate, or modify it, and, if the party applying was defendant, the defense to the action. On such petition a summons shall issue and be served as in the commencement of an action."

Section 2325.06, Revised Code:

"The court of common pleas or the court of appeals must try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the defense or cause of action."

Is the existence of a counterclaim a ground for vacating a judgment after term? The Ohio Supreme Court has answered this question in the negative. In *Bulkley* v. *Greene*, 98 Ohio St., 55, 120 N. E., 216, in the third paragraph of the syllabus, it is held:

"A counterclaim cannot be made available under Section 11635, General Code (now Section 2325.05, Revised Code), as a basis to vacate a judgment by confession. Such is not a defense to the action within the purview of that section."

In its order granting defendant's petition to vacate, the court stated: "Petition by defendant to vacate and set aside judgment heard and the Court finding that the petition to

46

vacate sets forth a valid defense, after hearing had said petition is granted. Judgment vacated. * * *''

Consideration of the record indicates that the matter was presented to the trial court upon the pleadings, oral arguments and briefs of counsel. At the hearing on April 15, 1963, upon conclusion of the oral argument, defendant Standard Loan and Finance Company rested, offered no evidence in support of its petition, and did not request an opportunity to present further evidence. Nor does the court's entry indicate that evidence was presented.

The statute, Section 2325.06, Revised Code, states that the court must "try and decide upon the grounds to vacate a judgment or order."

The Supreme Court in *Livingstone* v. *Rebman*, 169 Ohio St., 109, 158 N. E. (2d), 366, considering a situation where the ground for vacating the judgment and the defense were the same, as well as in the case of *Bulkley* v. *Greene, supra,* clearly indicated that the ground for vacation must be decided on the evidence. There appears to be some conflict in these two cases as to the degree of proof necessary to support a finding that grounds for a vacation exist, however, we are not concerned with that question in this case. Both decisions are implicit in the statement that evidence must be taken.

There is no doubt that the trial court heard oral arguments before rendering its decision. What the arguments consisted of, what transpired during such hearing, is not brought upon the record. In the case of *Melton* v. *Baylor*, 69 Ohio Law Abs., 503, 118 N. E. (2d), 230, this court held that "The conversations between court and counsel * * * may not be considered in any sense as evidence; there is no agreed statement of facts and counsel do not agree on a single question involved in the case." (Page 504.)

In *Melton* v. *Baylor, supra,* the court states:

"The decisions of Ohio courts are unanimous that a court is without authority to modify its judgment after term at which it is rendered, except as provided in Section 11631, et seq., General Code (now Section 2325.01, et seq., Revised Code) * * *

"This statute * * * provides that the court must determine from the evidence: (1) whether a ground for vacation exists, and (2) whether there is substantial evidence of a valid defense.

These statutory requisites were not complied with and therefore the court was without authority to vacate the judgments."

We have considered the cases cited by the trial court upon which the court apparently relied, to wit: *Estate of Butler*, 137 Ohio St., 96, 28 N. E. (2d), 186, and *Benson, Admx.* v. *Rosine*, 76 Ohio App., 439, 64 N. E. (2d), 845. These cases involve the application of Section 2309.19, Revised Code, which provides:

"When cross demands have existed between persons under such circumstances that if one had brought an action against the other a counterclaim could have been set up, neither can be deprived of the benefit thereof by assignment by the other, or by his death. The two demands must be deemed compensated so far as they equal each other."

The purpose of this section is to preserve cross-demands in the case of death or assignment and thus to protect the creditor where an action is brought against him by an administrator or assignee. It is our view that this section can have no application to the present case.

The language of the Supreme Court, found at page 60 of its opinion in *Bulkley, supra*, is direct and to the point. The court said:

"In the original action, the defendant under favor of Section 11314, General Code (now Section 2309.13, Revised Code), could set forth his *defense, counterclaim* or *set-off*. But the favor of the vacation statute, Section 11635, General Code (now Section 2325.05, Revised Code), is granted only to the defendant who has a *defense* to the action. The distinction is clear. A counterclaim is not a defense. It assumes the existence of the plaintiff's claim, and seeks relief by way of a cross-demand. Notwithstanding the confessed judgment, the judgment debtor retained the right to prosecute his counterclaim in a separate suit."

We conclude and therefore hold that the trial court was in error in holding that the cross-claim or setoff in the petition to vacate was a valid defense to the cognovit judgment and grounds for vacation of the same, and consequently reverse said judgment and remaind the cause to the Court of Common Pleas with instructions to reinstate said cognovit judgment.

Exceptions. Order see journal.

KOVACHY, P. J., and WASSERMAN, J., concur.