MILSTEIN, APPELLEE, *v.* NORTHEAST OHIO HARNESS ET AL., APPELLANTS.

(Nos. 50853 & 50854—
Decided August 14, 1986.)

APPEALS: Court of Appeals for
Cuyahoga County.

*Michael C. Cohan,* for appellee.
*Glenn Waggoner* and *Brian A. Bash,*
for appellants.

STILLMAN, P.J. This is an appeal by six appellants from the trial court's refusal to vacate a judgment taken against them on three cognovit notes. The following facts give rise to the appeal.

On October 1, 1981, appellant Grandview Raceway, a limited partnership, executed a $500,000 cognovit note in favor of Sportservice Corporation ("Sportservice"). The note was guaranteed by four individuals, all appellants herein: William F. Snyder, Loren W. Houston, Robert D. Stakich and Victor D. Ippolito. The same individuals guaranteed another cognovit note in the same amount executed on October 5, 1981 by Northeast Ohio Harness ("NEOH"), a general partnership, again in favor of Sportservice. On December 14, 1981, NEOH made a $700,000 note to Sportservice, also guaranteed by the four individual appellants. Appellants subsequently defaulted on the notes.

Appellee Carl Milstein filed an action for judgment on the notes on April 24, 1985, claiming ownership of them and the guaranties by virtue of their assignment from Sportservice to him. The complaint was answered under warrant of attorney confessing judgment, and judgment was entered on the notes.

## I

Appellants' first assignment of error is:

"The lower court erred in failing to vacate the cognovit judgment so that defendants may have their day in court to present substantive defenses and setoffs which they had alleged."

Appellants assert the trial court erred in refusing them a trial on the merits because their motions to vacate set forth valid defenses to the action. They further argue the instant case should have been consolidated with another case pending in the court of common pleas at the time, *Northfield Park Assoc.* v. *Northeast Ohio Harness,* which concerned repossession of Northfield Park race track from NEOH by Northfield Park Associates, of which Milstein is the majority and controlling partner. The repossession, which according to appellants was unlawful, allegedly caused them to default on the notes and led to the cognovit judgment taken against them.

This argument is not well-taken. Appellants have admitted their default. That Milstein's repossession of the track allegedly was unlawful and created financial hardship to appellants is simply irrelevant to the question of their liability on the notes. Cf. *Central Natl. Bank* v. *Standard L. & F. Co.* (1964), 5 Ohio App. 2d 101, 94 Ohio Law Abs. 43, 29 O.O. 2d 255, 195 N.E. 2d 597. Moreover, the matter of whether or not to order consolidation, even where it is permissible, lies within the trial court's sound discretion. *Fair* v. *School Employees Retirement System* (1975), 44 Ohio App. 2d 115, 73 O.O. 2d 101, 335 N.E. 2d 868. Accordingly, the first assignment fails.

## II

Appellants' second assignment of error is:

"The lower court erred in failing to vacate the cognovit judgment in favor of Milstein, because the cognovit provisions of the notes and guaranty agreements were ineffectively assigned to Milstein by Sportservice Corporation and thus Milstein had no power to confess judgment."

Relying on the well-established proposition that warrants to confess judgment must be strictly construed, appellants argue the documents submitted with the complaint did not provide authority for Milstein to take the cognovit judgments on the notes and guaranty agreements.

The three notes at issue contain identical language regarding confession of judgment:

"The Maker does hereby authorize irrevocably any attorney of any court of record in the State of Ohio, or in any other state or territory of the United States, to appear for the maker in such court, during term time or vacation time, at any time after the above obligation becomes due, whether by lapse of time or by acceleration, and waive the issuing of service of process, admit the maturity of this Note, and confess the judgment against the Maker in favor of SS [Sportservice] for the principal amount then appearing due, together with interest due thereon, and together with costs of suit, and thereupon to release and waive all errors, and waive all rights of appeal and stay of execution and consent to immediate execution upon said judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof.

"* * *

"*Whenever in this Note there is reference made to SS [Sportservice], such reference shall be deemed to include a reference to the legal holder hereof from time to time. The provisions of this Note shall inure to the benefit of any legal holder hereof from time to time.*" (Emphasis added.)

Appellants assert at the outset with respect to the notes that the above language does not authorize anyone but Sportservice to have judgment confessed in its favor against them. This is incorrect since the language quoted explicitly provides that reference to Sportservice shall be deemed to include reference to any legal holder of the note.

Appellants' other argument concerning Milstein's right to have judgment confessed in his favor is that he does not fall within the category of "holder." This argument rests on the theory the notes were not negotiated in a manner consistent with R.C. 1303.23.[1]

We do not see the basis for this assertion. While appellants urge an inference should be drawn, based on the order of the documents attached to the complaint, that the notes were not properly negotiated, and that Milstein is thus not a "holder" of them, no effort was made below to force Milstein to produce the notes so as to prove the inference suggested. Moreover, there is no genuine dispute on this record that Sportservice assigned all of its right, title and interest in the notes to Milstein. Any alleged defects in negotiation were thus harmless.[2]

As concerns the guaranty agree-

---

[1] R.C. 1303.23 provides in pertinent part:

"(A) Negotiation is the transfer of an instrument in such form that the transferee becomes a holder. If the instrument is payable to order it is negotiated by delivery with any necessary indorsement; if payable to bearer it is negotiated by delivery.

"(B) An indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof.

"* * *"

[2] As transferee of the notes, Milstein was vested with the rights formerly held by Sportservice with respect to them. R.C. 1303.22.

ments, appellants cite language therein which they claim limits the right to exercise the warrant to confess judgment to the creditor. However, appellants ignore the instrument's dispositive provision in this regard, to wit:

"* * * [A]ll rights and benefits existing and to exist hereunder, shall inure to the benefit of, and be available to, creditor, its successors and assigns."

Reasonably construed, the above-quoted language unquestionably gives Sportservice's assignee of the guaranties, Milstein, the right to have judgment confessed in his favor to the same extent as enjoyed by the assignor prior to the assignment.

## III

Appellants' third assignment of error is:

"The lower court erred in failing to vacate the cognovit judgment, when Milstein was granted judgment for more than was due."

Appellants here argue Milstein was required to give them notice of the declaration that the principal and interest owing on the notes were being accelerated before he could collect in full, and that he did not. Appellants cite the following language from the notes:

"If default shall be made in the due and punctual payment of any installment on this Note when and as such installment shall become due and payable, and such default shall have continued for a period of five (5) days, *SS may at its option declare the principal of this Note then outstanding, and the interest thereon, to be due and payable immediately, and upon any such declaration the same shall be immediately due and payable.* Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default." (Emphasis added.)

While the language cited by appellants could conceivably be inter-preted to require *notice* to the debtor of the holder's declaration that the debt has been accelerated, another, more specific, provision of the notes shows such a requirement was clearly not intended:

"Upon or at any time after the occurrence of any * * * default, the entire principal sum evidenced by this Note, together with all accrued interest thereon *shall be immediately due and payable at the election of SS without notice or demand of any kind whatsoever.*" (Emphasis added.)

Appellants' third assignment is thus overruled.

## IV

Appellants' fourth assignment of error is:

"The lower court erred in failing to vacate the cognovit judgment, because Sportservice Corporation and Milstein entered an agreement which had the effect of waiving any right to accelerate the notes and take cognovit judgment for the entire principal and interest balance."

Appellants assert that an agreement between Milstein and Sportservice on April 1, 1985, entitled "Agreement to Assume Obligations of Northeast Harness and Grandview and Assignment of Obligations," contains language showing Milstein waived his rights to accelerate and collect the debt assigned to him. The portions of the agreement on which appellants primarily rely are as follows:

"1. *Assumption and Assignment.*

"(a) Milstein hereby assumes and agrees to keep, be bound by, perform and comply with each of the obligations, conditions, covenants and provisions of Northeast Harness and Grandview as provided in the Loan Agreements, the Notes and the Mortgages, and Sportservice hereby consents to such assumption by Milstein without intending to amend, terminate or alter the Loan Agree-

ments, the Notes, the Mortgages or any other documents provided as security for the Loans.

"(b) Sportservice hereby assigns and transfers to Milstein all of its right, title and interest in and to the Loans, the Loan Agreements, the Notes, the Mortgages, said Unconditional and Continuing Cognovit Guaranty Agreements of the Guarantors, and the Option, subject to the terms and conditions contained in the documents being assigned hereunder and this Agreement.

"2. *No Release.*

"The parties hereto acknowledge and recognize that (a) Northeast Harness and Grandview have not been and are not hereby released from any of their respective liabilities, agreements and obligations under the Loans, the Notes, or the mortgages or any other documents provided as security for the Loans and (b) the Guarantors have not been and are not hereby released from any of their respective liabilities, agreements and obligations under said Unconditional and continuing Cognovit Guaranty Agreements.

"* * *

"Any payment by Milstein to Sportservice hereunder shall not restrict Milstein's rights to proceed against Grandview and/or Northeast Harness or the Guarantors for any amounts so paid by Milstein to Sportservice * * *."

Appellants conclude from this language that Milstein not only waived his right to accelerate the debt, but also that: "[The agreement] obviously intended that Milstein seek reimbursement from defendants, as payments on the notes are made in the future." (Appellants' brief at 19.)

The provisions cited by appellants cannot reasonably be said to constitute a waiver by Milstein of his right, as assignee of the notes, to accelerate the debt. By its express terms, the agreement gives Milstein *all* of Sportservice's

right, title and interest in the notes, except as otherwise provided in the agreement. Since no limitation on the right to accelerate and collect the debt appears in the agreement, appellants' fourth assignment fails.

V

Appellants' fifth assignment of error is:

"The lower court erred in failing to vacate the cognovit judgment, because such judgment was improperly taken under the applicable statutes."

Appellants argue under this assignment that the cognovit judgment should have been vacated because, although the complaint sought attorney fees, the judgment did not award fees. They rely on a portion of R.C. 2323.12, which provides in relevant part:

"A person indebted, or against whom a cause of action exists, may personally appear in a court of competent jurisdiction, and, with the assent of the creditor, or person having such cause of action, confess judgment; whereupon judgment shall be entered accordingly."

Appellants would have us hold that a trial court is without authority to enter judgment which varies in any manner from the answer confessing judgment. We decline to do so. Clearly, a court may alter incorrect items in a confession of judgment before entering judgment thereon; this court itself has done just that. *Vadas* v. *Kasper* (Dec. 20, 1984), Cuyahoga App. No. 48303, unreported. To conclude otherwise would elevate form over substance.

Appellants also seek reversal under this assignment on the ground that an obliteration appears in the answer confessing judgment, and that three words were mistakenly omitted from the answer concerning waiver and release by the defendants of exceptions, errors and rights of appeal. We deem this argument technical in the extreme, as the errors complained of had no substantive

bearing whatsoever on the result below. The judgment is affirmed.

*Judgment affirmed.*

LYNCH and ABOOD, JJ., concur.

STILLMAN, P.J., retired, of the Eighth Appellate District; LYNCH, J., retired, of the Seventh Appellate District; and ABOOD, J., of the Court of Common Pleas of Lucas County, sitting by assignment in the Eighth Appellate District.