DECISION
{¶ 1} This case arises out of an unusual procedural history and is before the court on cross-appeals. On May 21, 2002, plaintiff-appellee and cross-appellant Frederick W. Rice ("Rice") obtained a $100,000 judgment against defendants-appellants and cross-appellees William E. Montgomery ("Montgomery") and Richard A. Kravitz ("Kravitz") by presenting a cognovit note to the Cuyahoga County Court of Common Pleas. By joint motion, in June 2002, the Cuyahoga County court signed an entry transferring the judgment to the Franklin County Court of Common Pleas, where another lawsuit was already pending involving these parties.[1]
In August 2002, Montgomery and Kravitz sought relief from the $100,000 judgment pursuant to Civ.R. 60(B). After the issues were fully briefed, the trial court filed a journal entry granting the requested relief on October 18, 2002.
 {¶ 2} Shortly thereafter, Rice filed a motion asking the trial court to reconsider its ruling. The trial court then issued a second journal entry on November 6, 2002. In that entry, the trial court modified its earlier ruling. This entry not only granted Montgomery and Kravitz relief from the cognovit judgment but also issued a new judgment against them, reduced in an amount pursuant to the contribution claims that Montgomery and Kravitz had set forth in their motion for relief from judgment. The parties timely filed cross-appeals. For the reasons set forth below, we reverse the trial court's October 18, 2002 decision and reinstate the original judgment as confessed on May 21, 2002.
 {¶ 3} Appellants Montgomery and Kravitz raise two assignments of error:
I. The trial court erred by granting judgment as a matter of law against Defendants.
II. The trial court erred by granting reconsideration of a final judgment entry.
 {¶ 4} Cross-appellant Rice raises the following eight assignments of error:
I. The trial court erred in granting [Defendants'] Civ.R. 60(B) motion for relief from judgment on the basis that Defendants' alleged right to contribution represented a meritorious defense to [Plaintiff's] cause of action on the cognovit promissory note.
II. The trial court erred in finding that Defendants had the right of contribution against the Plaintiff, in light of the fact that Defendants 1) have not paid more than their proportionate share of the obligation. 2) Defendants intentionally caused the principal obligor, Cortext Limited, to default on the note, 3) Defendants have permanently precluded Cortext Limited from servicing the debt or liquidating its assets for application to the debt, because Defendants have fraudulently conveyed to themselves the assets and cash flow of Cortext Limited and 4) Defendants' actions have impaired Plaintiff's right to obtain indemnification or reimbursement fro [sic] Cortext Limited.
III. The trial court erred in expressing its decision on terms of the vacation of the cognovit judgment, rather than in terms of a modification of the existing cognovit judgment form $100,000 down to $66,667.
IV. The trial court abused its discretion in not imposing conditions, including the imposition of a constructive trust, upon the Defendants in connection with the vacation or modification of the cognovit judgment, given that the Defendants have fraudulently conveyed the assets and cash flow of the Cortext Limited, the primary obligor, to themselves.
V. The trial [court] erred in failing to 1) specifically award to Plaintiff all of Plaintiff's costs and expenses in connection with the enforcement of Defendants' guarantees, including costs of the action, attorneys fees and legal expenses as contractually provided for in the loan documents, and additionally post-judgment interest against Defendants as previously awarded to Plaintiff in the cognovit judgment; 2) gross up Plaintiff's contributive share vis-a-vis Defendants by the amount of payments on the Keybank Loan personally made by Plaintiff totaling in excess of $20,000.
VI. The trial court abused its discretion in finding that Plaintiff is estopped from recovering the full amount of the judgment by virtue of the assignment from the original lender, KeyBank, to him.
VII. The trial court abused its discretion in failing to equitably estop Defendants from obtaining Civ.R. 60(B) relief and from asserting any defenses to Plaintiff's cognovit judgment.
VIII. The trial court erred in its revised decision when it found that the waiver of defenses, counterclaims and set-offs contained in the guaranty agreements signed by Defendants do not apply to a co-guarantor who becomes a holder of the note and guaranty agreement pursuant to a valid assignment.
 {¶ 5} The facts of this case are largely undisputed. Rice, Montgomery and Kravitz were members of Cortext Limited ("Cortext"), a limited liability company. Cortext borrowed $100,000 from KeyBank, N.A. ("Key") and executed a promissory note ("note") in connection with the loan. Rice, Montgomery and Kravitz each executed a personal guaranty in favor of Key as security for the loan. Each guaranty contains a cognovit provision, wherein each guarantor independently confessed judgment in favor of Key upon demand for the full amount of the note. As additional security, Rice also granted Key a mortgage against his residence for the full amount due on the note. In other words, as security for a $100,000 loan to Cortext, Key was the holder of three $100,000 personal guaranties and a $100,000 mortgage on Rice's house. In the event of default by Cortext, Key was free to enforce its rights under any or all of these guaranties.
 {¶ 6} Shortly after the loan documents were executed and the funds were received, Rice, Montgomery and Kravitz began to disagree about the direction and operation of Cortext, a dispute that continues to this day. This appeal concerns only the parties' dispute with respect to their respective rights and obligations regarding the $100,000 promissory note that Cortext granted to Key.
 {¶ 7} Cortext defaulted on its obligations to Key. Rice purchased the unpaid note from Key.[2] As Key's assignee, and with the note still in default, Rice submitted the note, the confessions of judgment, and the corresponding guarantees from Montgomery and Kravitz to the court, and obtained a judgment in his favor.
 {¶ 8} In its October 18, 2002 decision granting the motion for relief from judgment, the trial court determined that Rice, Montgomery and Kravitz were all co-makers of the note and that Rice was "estopped from recovering the full amount of the judgment simply by virtue of the assignment from the original lender, Key Bank, to him." (Oct. 18, 2002 Decision at 4.) The trial court further found that Rice has no more than a right of contribution and that Montgomery and Kravitz had asserted a valid defense, as they must in order to be entitled to relief from judgment. Accordingly, the trial court granted Montgomery and Kravitz the relief that they sought and vacated the judgment.
 {¶ 9} After Rice filed a motion for "an oral hearing and/or reconsideration to clarify and/or amend" the court's decision, the trial court issued a revised decision on November 6, 2002, determining that Rice, Montgomery and Kravitz were the note's co-guarantors rather than its co-makers. Accordingly, the trial court determined that Rice was still estopped from collecting the full amount of the note as its holder, that the note's waiver of defenses provision did not address the rights between co-guarantors, and that a hearing was necessary to address "modification or replacement" of the cognovit judgment, post-judgment interest, costs and attorneys fees, and "other claims of contribution to service the debt." Shortly after the revised order was issued, the parties appealed.
 {¶ 10} Because Rice's first cross-assignment of error is dispositive, we address it first. Montgomery and Kravitz each confessed to separate cognovit judgments of $100,000 each. Each guaranty is independent, and makes no reference to the existence of any other guaranty. In the first paragraph of the notes, and in clear and unambiguous language, Montgomery and Kravitz each agreed to pay $100,000 on demand, to Key or to its order. Thus, these cognovit notes are negotiable instruments. Again, in clear and unambiguous language in a paragraph captioned "GUARANTOR'S WAIVERS." Montgomery and Kravitz expressly waived "any defenses given to guarantors at law or in equity other than actual payment and performance of the indebtedness." (Emphasis sic.)
 {¶ 11} Key transferred the note to Rice. That transfer "vests in the transferee (Rice) any right of the transferor (Key) to enforce the instrument[.]" R.C. 1303.22(A). The transfer from Key to Rice did not change the nature of the instrument itself. As the loan's guarantors, Montgomery and Kravitz each remained obligated to pay Key's transferee on demand, just as if Key itself had made the demand. As Key's assignee, Rice is free to pursue any or all of the guarantors as he sees fit, just as Key itself could have chosen which guarantor(s) to whom it would have looked for payment.
 {¶ 12} Correspondingly, the only defenses that Montgomery and Kravitz can have against Key's transferee's enforcement of the note are those that they could have asserted against Key itself. In the individual guaranty that each of them signed, Montgomery and Kravitz expressly waived all defenses "at law or in equity other than actual payment and performance of the indebtedness." The language the parties used could not be clearer.
 {¶ 13} There is no dispute that the note remains unpaid. The obligation to pay the note on demand does not change simply because the note has been assigned, or because Rice is now the party who seeks to enforce it. The issues that Montgomery and Kravitz raise to support their claim for relief from judgment have nothing to do with the only issue in this case; whether they satisfied their obligations under the note. Each issue they raise has to do with whether other acts that Montgomery and Kravitz claim to have taken can serve to offset some or all of the obligations that Rice may owe them, from transactions other than the note itself.
 {¶ 14} In order to obtain relief from a final judgment, a party must show that it is entitled to relief under one of the grounds contained in Civ.R. 60(B)(1) through (5) and that the motion for relief from judgment was made within a reasonable time. GTE Automatic Electric v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of syllabus. Where the judgment from which relief is sought was entered by cognovit note without prior notice, the existence of a meritorious defense to all or part of the claim is often sufficient to justify relief from judgment, provided the motion is timely. Fifth Third Bank v. Margolis (Oct. 30, 1997), Franklin App. No. 97APE04-468; Benford v. Innovisions, Inc. (Apr. 7, 1994), Franklin App. No. 93APE12-1651. Nonetheless, in a motion to vacate a cognovit judgment, the party who seeks relief must ordinarily still satisfy the requirements set forth in GTE, including the existence of a meritorious defense. Bank One, N.A. v. DeVillers (Sept. 26, 2002), Franklin App. No. 01AP-1258, 2002-Ohio-5079.
 {¶ 15} The decision whether to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) is a matter within the sound discretion of the trial court, and the court's ruling will not be reversed absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} In its October 18, 2002 decision granting relief from judgment, the trial court found that Montgomery and Kravitz "asserted a valid defense; the right to contribution," citing Darrah v. Leakas (Jan. 27, 1994), Franklin App. No. 93AP-952 as controlling authority. However, in Darrah the issue of the comparative liability of the various makers of the note was before the court not as a claimed defense to an otherwise valid cognovit judgment, but rather as a separate cause of action based on the common law right of contribution, in which the plaintiffs sued to recover the proportionate share of the business indebtedness.
 {¶ 17} Unlike Darrah, where the parties were co-makers of the same promissory note, here Montgomery and Kravitz each executed a separate guaranty in which they each promised to pay the promissory note's holder in full if Cortext did not honor its obligations. The term "Co" is a prefix meaning "jointly or together with." Black's Law Dictionary (7 Ed. 1999) 249. The guarantors here are not "co-guarantors." Unlike the parties in Marc Glassman, Inc. v. Bag-A-Sweet Candy Co. (Dec. 14, 1995), Cuyahoga App. No. 68574, where the terms of the guaranty itself expressly established that the parties to the note were pro rata guarantors, Montgomery and Kravitz each obligated themselves for the full amount of the negotiable instrument that Key issued to Cortext.
 {¶ 18} By contrast, this is an action brought in contract by the transferee of a promissory note against its guarantors for its enforcement. As was the case in Star Bank, N.A. v. Jackson (Dec. 1, 2000), Hamilton App. No. C-000242, the collateral claims that Montgomery and Kravitz attempt to raise as a defense are simply not relevant to this case:
Finally, Jackson argues that the trial court should have granted relief from judgment because he presented operative facts showing that he was entitled to contribution and indemnity. He contends that the judgment against him was for the entire unpaid balance of the note, and that he should have only been ordered to pay his pro rata share of the outstanding debt. However, as a maker, he was obligated to pay the instrument according to its terms. Fed. Land Bank of Louisville v. Taggart (1987), 31 Ohio St.3d 8, 10-11; Glimcher v. Reinhorn (1991),68 Ohio App.3d 131, 134, Huron Cty. Banking Co., N.A. v. Knallay (1984),22 Ohio App.3d 110, 113. Whether he is entitled to contribution or indemnity is irrelevant to the issue of his liability as a maker of the note, and it would not have been a meritorious defense in the action by the holder to enforce it. See Milstein v. Northeast Ohio Harness (1986),30 Ohio App.3d 248, 249, 507 N.E.2d 459, 461.
 {¶ 19} A guarantor is one who, by definition, promises to be responsible for the debt of another. Scherers Communications, Inc. v. National Media Marketing, Inc. (Apr. 4, 1994), Franklin App. No. 93APE09-1254. Though the court in Star Bank applied the common law of contribution to a note's maker rather than to a guarantor, where the note's maker defaults on its obligations the guarantor steps into the maker's shoes. As a result, the guarantor's (Montgomery and Kravitz's) liability on the note is established, and whether they are entitled to contribution or indemnity from other guarantors (Rice) does not change the fact that they owe the guaranty amount to the note's holder (Rice).
 {¶ 20} In Tinnes v. Immobilaire IV, Ltd. (Feb. 13, 2001), Franklin App. No. 00AP-87, the parties against whom a cognovit provision in a promissory note was enforced also sought relief from judgment pursuant to Civ.R. 60(B). This court upheld the trial court's denial of such relief, even though the parties attempted to assert allegations of fraud as meritorious defenses. "By definition, a cognovit provision in a promissory note cuts off every defense, except payment, which the maker of the note may have against enforcement of the note." Id. After noting the clear and unambiguous language of the cognovit provision, the Tinnes court continued:
* * *[I]t is important to recognize that the real estate transaction underlying the three promissory notes was a complex business transaction between similarly situated and experienced business people, all of whom could be expected to have read and understood the documents they were signing.
* * *
* * *[I]t bears emphasizing that appellants' assertion of their fraud allegations as defenses to appellee's claims for judgment on the three promissory notes, and appellants' assertion of those same fraud allegations as affirmative claims are distinct and independent matters. (Citations omitted.) * * * Accordingly, our conclusion that the cognovit provisions in the promissory notes prevent appellants from raising their fraud allegations as a defense to appellee's claims for judgment on the notes, does not impair appellants' assertion of their fraud allegations as affirmative claims. Id. 16-18.
 {¶ 21} In this case, the language in each guaranty is clear and unambiguous. Montgomery and Kravitz each unconditionally guaranteed that the holder of the promissory note that Cortext gave to Key could look to each of them for full payment if Cortext did not meet its obligations. Cortext did not meet its obligations. The note's holder is now enforcing those guaranties. Montgomery and Kravitz each remain separately obligated on the note, whether or not they have any affirmative claims against the note's holder. Star Bank; Tinnes. A contract's result does not become ambiguous or unfair simply because it has a result not anticipated by some of the parties. "It is not the responsibility or function of this court to rewrite the parties' contract in order to provide for a more equitable result." Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth. (1997), 78 Ohio St.3d 353, 362.
 {¶ 22} The operative facts that Montgomery and Kravitz allege entitle them to relief from judgment do not rise to the level of a meritorious defense. Accordingly, the trial court abused its discretion by granting Montgomery and Kravitz relief from judgment, since the only operative facts that they alleged do not constitute a defense to a cause of action based on their nonpayment.
 {¶ 23} Rice's first cross-assignment of error, arguing that the trial court erred in initially granting relief from judgment because Montgomery and Kravitz's contribution claims are affirmative claims rather than meritorious defenses, is hereby sustained. Our disposition of Rice's first cross-assignment of error renders his remaining cross-assignments of error moot and obviates the need to address them individually. App.R. 12(A)(1)(c).
 {¶ 24} The trial court's November 6, 2002 decision also grants Montgomery and Kravitz relief from judgment premised on the same "meritorious defense" that we rejected above. Because the May 21, 2002 judgment is ordered to be reinstated, we need not address Montgomery and Kravitz's assignments of error which (1) challenges the trial court's ability to "reconsider" its decision after issuing a final judgment in the absence of a procedural rule authorizing it to do so, and (2) challenges the trial court's ability to render final judgment on the allegations in the complaint without admitting any evidence of any kind. For the reasons, stated above, the assignments of error asserted by Kravitz and Montgomery are hereby rendered moot.
 {¶ 25} For the reasons outlined above, the trial court's October 18, 2002 decision granting relief from judgment to Montgomery and Kravitz is hereby reversed and remanded with instructions to reinstate the original judgment as entered on May 21, 2002.
Judgment reversed and cause remanded with instructions.
LAZARUS and WATSON, JJ., concur.
[1] Cortext Limited v. Pride Media Ltd. et al., case No. 01CVH-12-12635. The record below does not reflect that any party sought to consolidate these cases, pursuant to Civ.R. 42(A) and Loc.R. 31.01. Rather, the record shows that Cortext voluntarily dismissed its complaint pursuant to Civ.R. 41(A). The voluntarily dismissed case is the subject of an unrelated appeal that is also presently before this court as case No. 02AP-1284.
[2] In the affidavit filed with his memorandum in opposition to relief from judgment, Rice implies that he purchased the note out of concern that Key would enforce the note and guaranty as to him first because the $100,000 mortgage against his home was the only secured interest among the various guarantees for the Cortext loan.