JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Century Limousine Service, Inc. ("Century Limousine") appeals from the judgment of the trial court that denied its motion for relief from a cognovit judgment entered in favor of plaintiff Richard Saponari. For the reasons set forth below, we affirm.
 {¶ 2} On November 20, 2002, plaintiff filed a complaint on a cognovit note against defendants Century Limousine and Brian Corrigan. In relevant part, this document provided:
 {¶ 3} "* * * the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for * * * failure on his part to comply with the agreement or any other cause."
 {¶ 4} Also on November 20, 2002, plaintiff filed an answer confessing judgment against the defendants. The court determined that defendants were jointly liable to plaintiff on the principal sum of $66,000, plus costs. On February 28, 2003, defendants filed a motion for relief from judgment in which they asserted that "plaintiff failed to give full credit for payments made," that plaintiff had breached a Stock Purchase Agreement and a Consulting Agreement, had interfered with the contract, and committed fraud.
 {¶ 5} The trial court denied the motion and Century Limousine now appeals and assigns three errors for our review.
 {¶ 6} Century Limousine's first assignment of error states:
 {¶ 7} "Judge McMonagle erred and abused his discretion in refusing to proceed with an evidentiary hearing on Appellant's motion for relief from judgment."
 {¶ 8} A person filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief nor to a hearing on the motion. Pisani v. Pisani (Sept. 19, 1996), Cuyahoga App. No. 70018; Reed v. The Basement, Cuyahoga App. No. 82022, 2003-Ohio-4565. In order to be entitled to a hearing on a motion for relief from judgment, the "the movant must do more than make bare allegations that he is entitled to relief." Kay v. Marc Glassman (1996),76 Ohio St.3d 18, 20, 1996-Ohio-430, 665 N.E.2d 1102.
 {¶ 9} "Where the movant's motion and accompanying materials fail to provide the operative facts to support relief under Civ.R. 60(B), the trial court may refuse to grant a hearing and summarily dismiss the motion for relief from judgment * * *." Bates Springer, Inc. v.Stallworth (1978), 56 Ohio App.2d 223, 382 N.E.2d 1179; see, also,Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 14, 371 N.E.2d 214
(trial court does not abuse its discretion by failing to conduct an evidentiary hearing on a Civ.R. 60(B) motion when the court has sufficient evidence before it to decide whether a meritorious defense was presented).
 {¶ 10} In this instance, Century Limousine alleged that it was entitled to relief from judgment but it did not present operative facts in support of the motion. Century Limousine alleged that it had made payments which Saponari failed to acknowledge, but it did not support this contention with any operative facts. Century Limousine also alleged that Saponari breached the Stock Purchase Agreement and the Consulting Agreement, but both of these documents contain "Entire Agreement" provisions, and, as noted previously, the Cognovit provision of the Promissory Note clearly provided that judgment could be confessed against Century Limousine regardless of any claims asserted against Saponari, whether for failure to comply with the agreement or any other cause. Similarly, Century Limousine asserted that Saponari "induced Personal Leasing * * * to repossess the leased vehicles," and defrauded Century Limousine, but it did not provide allegations of operative facts to support a claim for relief from judgment on the cognovit note. In the absence of sufficient support for the motion for relief from the judgment on the cognovit note, the trial court did not abuse its discretion in denying the motion without holding an evidentiary hearing.
 {¶ 11} The first assignment of error is without merit.
 {¶ 12} Century Limousine's second assignment of error states:
 {¶ 13} "Judge McMonagle erred and abused his discretion in denying Appellant's motion for relief from judgment."
 {¶ 14} We review the judgment of the trial court for an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 15} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment. GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 16} However, where the judgment sought to be vacated is a cognovit judgment, the movant has a lesser burden. Davidson v. Hayes
(1990), 69 Ohio App.3d 28, 590 N.E.2d 18. Because the defendant never had a chance to be heard in the cognovit proceedings, he should be given his day in court; therefore, the movant need only assert that the motion was timely made and that he had a meritorious defense. Id.; G.W.D.Enterprises, Inc. v. Down River Specialties, Inc. (May 24, 2001), Cuyahoga App. No. 78291.
 {¶ 17} In this matter, the parties do not dispute the timeliness of the motion. With regard to whether Century Limousine presented a meritorious defense, we note that "[b]y definition, a cognovit provision in a promissory note cuts off every defense, except payment, which the maker of the note may have against enforcement of the note." Tinnes v.Immobilaire IV, Ltd. (Feb. 13, 2001), Franklin App. No. 00AP-87. AccordDovi Interests, Ltd. v. Somerset Point Ltd. Partnership, 2003-Ohio-3968, Cuyahgoa App. No. 82507, ("Somerset's burden in seeking relief from judgment [on a cognovit note], therefore, was to allege a defense to the complaint — to allege that it had not defaulted."); Milstein v.Northeast Ohio Harness (1986), 30 Ohio App.3d 248, 249, 507 N.E.2d 459,461 (the key question is liability on the notes).
 {¶ 18} Thus, payment is a meritorious defense in support of a motion for relief from judgment on a cognovit note. See Cautela Bros. v.McFadden (1972), 32 Ohio App.2d 329, 332, 291 N.E.2d 539. Partial payment is also a meritorious defense. See Lewandowski v. DonohueIntelligraphics, Inc. (1994), 93 Ohio App.3d 430, 433, 638 N.E.2d 1071;G.W.D. Enterprises v. Down River Specialities, Inc. (May 24, 2001) Cuyahoga App. No. 78291.
 {¶ 19} Other affirmative claims between the parties are distinct and independent matters. Tinnes v. Immobilaire IV, Ltd., supra; Rice v.Montgomery, 2003-Ohio-5577, Franklin App. No. 02AP-1261.
 {¶ 20} In this matter, as noted previously, Century Limousine asserted that it had made some payments which were not credited by Saponari. Partial payment is a meritorious defense to judgment on a cognovit note, but no operative facts were provided in support of this contention. Accordingly, with regard to this asserted ground for relief from judgment, we conclude that the trial court did not abuse its discretion in denying the motion. Century Limousine further asserted that Saponari had breached the Stock Purchase Agreement, the Consulting Agreement, induced "Personal Leasing * * * to repossess the leased vehicles," and defrauded Century Limousine. We note that the Purchase Agreement and the Consulting Agreement contain "Entire Agreement" provisions. Further, by signing the Promissory Note defendants expressly agreed as follows:
 {¶ 21} "* * * the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for * * * failure on his part to comply with the agreement or any other cause." Accordingly, the claims of breach of the other agreements, fraud, and other affirmative claims do not meet the essential issue of whether Century Limousine defaulted on the note, and are, instead, separate and distinct matters. Tinnes v. Immobilaire IV, Ltd.; Rice v. Montgomery.
Therefore, in the absence of a meritorious defense, the trial court did not abuse its discretion insofar as it determined that these claims did not set forth a basis for relief from judgment on the cognovit note.
 {¶ 22} The second assignment of error is without merit.
 {¶ 23} Century Limousine's third assignment of error states:
 {¶ 24} "Appellants were prejudiced and denied due process by the conduct of Judge McMonagle in presiding over an action assigned to another judge and in engaging in ex parte conferences with appellee's counsel."
 {¶ 25} In this assignment of error, Century Limousine complains that the administrative judge should not have ruled on this matter since it was assigned to Judge Gallagher. Century Limousine also complains that Saponari's counsel engaged in ex parte communications with the administrative judge.
 {¶ 26} In accordance with Sup.R. 36(B)(2), "each multi-judge general, domestic relations, and juvenile division of the court of common pleas shall adopt the individual assignment system for the assignment of all cases to judges of the division." The individual assignment system provides that "upon the filing in or transfer to the court or a division of the court, a case immediately is assigned by lot to a judge of the division, who becomes primarily responsible for the determination of every issue and proceeding in the case until its termination." Sup.R. 36(B)(1). This system places responsibility upon one judge for the disposition of cases. Commentary Sup.R. 36.
 {¶ 27} In Berger v. Berger (1981), 3 Ohio App.3d 125, 130,443 N.E.2d 1375, this Court held that absent an entry indicating proper transfer, "the judge assuming to act has no authority and his rulings are voidable on timely objection by any party." The rulings are not void, however, and a timely objection is key, as this Court explained:
 {¶ 28} "Any party objecting to reassignment must raise that objection at the first opportunity to do so. If the party has knowledge of the transfer with sufficient time to object before the new judge takes any action, that party waives any objection to the transfer by failing to raise that issue on the record before action is taken. If the party first learns about the transfer after action is taken by the new judge, the party waives any objection to the transfer by failing to raise that issue within a reasonable time thereafter. The definition of a reasonable time may well be controlled by time limits for motions for rehearing, reconsideration, or a new trial." Id. at 131.
 {¶ 29} In this instance, Century Limousine did not raise an objection to the administrative judge's involvement in this matter which was assigned to the docket of another judge. Accordingly, in the absence of a timely objection, any error has been waived.
 {¶ 30} With regard to the issue of whether Saponari's counsel had ex parte contact with the administrative judge, we note that the alleged communications are not reflected in the record or a transcript. As such, we cannot determine whether such communications occurred, whether they involved substantive matters, cf. State v. Jenkins (1984),15 Ohio St.3d 164, 473 N.E.2d 264, paragraph 13 of the syllabus, or whether they were considered by the lower court. Accordingly, we must presume regularity in the trial court proceedings, and reject this assigned error. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,200, 400 N.E.2d 384. See Grenga v. Smith, 2002 Ohio 1179, Trumbull App. No. 2001-T-0040.
 {¶ 31} The third assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellants his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anne L. Kilbane, P.J. and James J. Sweeney, J., concur.