DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the April 28, 2004 judgment of the Lucas County Court of Common Pleas, which denied appellants relief from judgment. Upon consideration of the assignment of error, we affirm the decision of the lower court. Appellants, Cameo Countertops, Inc., Brian Hudock, Timothy Sorokin, and Dean Marcum, assert the following sole assignment of error on appeal:
 {¶ 2} "The trial court erred to the prejudice of the defendants by entering a cognovit judgment and failing to vacate it upon timely motion when plaintiffs' rights to a cognovit judgment was restricted by provisions in the Stock Purchase Agreement pursuant to which the notes were issued."
 {¶ 3} On August 7, 2001, the parties executed a Stock Purchase Agreement. On August 31, 2001, appellants executed three cognovit notes, each for $33,000. The notes were signed as part of a sale of a business from appellees to appellants. On January 12, 2004, appellees brought suit on all three notes. Appellees alleged that appellants had defaulted on each note and owed $28,931.33, plus interest from April 1, 2002, on each note. James H. Irmen entered an appearance on behalf of appellants and waived service of process and confessed judgment jointly and severally against appellants. A judgment was entered against appellants on January 13, 2004. Appellants received notice of the judgment on January 16, 2004.
 {¶ 4} On January 22, 2004, appellants moved for relief from judgment pursuant to Civ.R. 60(B). Appellants contended that they were not in default on the notes because they had valid set-offs against the amount claimed owed under the notes and because appellees had violated a covenant not to compete. The court denied the motion on April 28, 2004. Appellants appealed from this judgment.
 {¶ 5} Generally, to prevail on a Civ. R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus, and Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. However, where the judgment is a cognovit judgment, the burden is reduced because the judgment was obtained without the debtor's notice or opportunity to answer the complaint. In that context, the defendant is entitled to relief under Civ.R. 60(B)(5) if the motion was timely and the debtor alleges a "meritorious defense" to the judgment. Meyers v. McGuire (1992), 80 Ohio App.3d 644, 646; CitizensNatl. Bank of Norwalk v. Wakeman Oil Co. (Sept. 20, 1996), 6th Dist. App. No. H-95-058, at 4-5; Producers Credit Corp. v. Voge, 12th Dist. App. No. CA2002-06-009, 2003-Ohio-1067, at ¶ 30.
 {¶ 6} A counterclaim or set-off is not a meritorious defense to a cognovit judgment. Bulkley v. Greene (1918), 98 Ohio St. 55, at paragraphs 1 and 3 of the syllabus; The John H. Kappus Co. v. Markoff
(July 15, 1982), 8th Dist. App. No. 44163, at 3-4; Central Natl. Bank v.The Standard Loan Finance Co. (1964), 5 Ohio App.2d 101, 103;Fed. Deposit Insur. Corp. v. Braun (Jan. 19, 1978), 8th Dist. App. No. 36770, at 6.
 {¶ 7} On appeal, the court of appeals will not overturn the trial court's ruling on a motion for relief from judgment unless the trial court abused its discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. The abuse of discretion standard requires more than a showing of an error of law or judgment. The court's attitude must be shown to have been unreasonable, arbitrary, or unconscionable. Huffman v. Hair Surgeon,Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 8} The only issue on appeal is whether appellants have presented a meritorious defense sufficient to overturn the court's denial of relief from judgment. Appellants contend that appellees had an obligation to tell the court about not only the payments received on the notes, but that the fact that the notes were executed subject to a Stock Purchase Agreement. That agreement provided that appellants were entitled to set off against the notes certain unpaid amounts due from appellees under the agreement. The notes indicate that they were "* * * delivered pursuant to a certain Stock Purchase Agreement * * * dated August 7, 2001." Therefore, appellants assert that the amounts due under the notes were less than what appellees represented.
 {¶ 9} The trial court denied appellants' motion on the ground that the claims set forth by appellants constituted nothing more than counterclaims or set-offs. We agree. Since the court's ruling was based upon the law, we cannot find that it abused its discretion in this case. Appellants' sole assignment of error is not well-taken.
 {¶ 10} Having found that the trial court did not commit error prejudicial to appellants and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are hereby ordered to pay the court costs incurred on appeal.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Singer, P.J. concur.