{¶ 27} I disagree. I would sustain Bank One's first assignment of error.
 {¶ 28} The guaranty language in the $35,000.00 promissory note states in pertinent part:
 {¶ 29} "The undersigned (each a `Guarantor') jointly, severally and in solido and unconditionally guarantees payment of and agrees to pay to the order of Bank One all amounts of principal interest, fees, charges and other amounts at any time outstanding under the Note or any extension, renewal or modification thereof."
 {¶ 30} The guaranty language within the Note also states as follows:
 {¶ 31} "Each Guarantor's liability under this Guaranty shall be open and continuous for so long as this Guaranty remains in full force."
 {¶ 32} Lastly, the $35,000.00 Note states in pertinent part:
 {¶ 33} "Each Guarantor authorizes Bank One, without notice or demand and without releasing Guarantor's liability under this Guaranty, from time to time, (a) to alter, compromise, renew, extend, accelerate, or otherwise change at one or more times the time for payment or other terms of the Note, including increases and decreases in the rate of interest on the Note, and to grant repeated extensions which extensions may be for longer than the original Note term[.]"
 {¶ 34} As it relates to the first promissory note personally guaranteed by the Smiths, the $65,000.00 promissory note states in pertinent part:
 {¶ 35} "This Note is a renewal of an earlier loan or credit extension to Borrower from Lender, or from a Bank One Corporation affiliate which transferred the loan to Lender, and is identified in Lender[`s] or the affiliate's internal records as account number 001898380000519586. This Note shall not release or affect the liability of any guarantor, surety or endorser of the loan, or release any security interest granted by owner of any collateral securing the loan. This Note shall be considered a modification only, and not a novation."
 {¶ 36} Ohio law recognizes guaranty contracts as valid.Birdsall v. Heacock (1877), 32 Ohio St. 177. "A guarantor is one who, by definition, promises to be responsible for the debt of another," and "where the note's maker defaults on its obligations, the guarantor steps into the maker's shoes." FifthThird Bank v. Jarrell (March 22, 2005), Franklin County App. No. 04AP-358, 2005-Ohio-1260, citing Rice v. Montgomery (October 21, 2003), Franklin App. No. 02AP-1261, 2003-Ohio-5577. Courts construe guaranty agreements in the same manner as contracts, and a court need not go beyond the plain language of the agreement to determine the parties' rights and obligations if the contract is clear and unambiguous. Maines Paper Food Serv., Inc. V. Eanes
(Sept. 28, 2000), Cuyahoga App. No. 77301.
 {¶ 37} It is undisputed that the Smiths personally guaranteed the $35,000.00 promissory note. It is also clear that the Smiths did not sign a second personal guaranty of the $65,000.00 promissory note, but rather signed the note solely using their corporate titles. The language of the second note, however, clearly states that it "is a renewal of an earlier loan or credit extension" provided to the Smiths. The second note is not a new contract. Instead, the second note is only a modification of the first note. Nothing in the first note limits a modification/extension on the amount of the loan. In fact, it contemplates extensions of credit.
 {¶ 38} In essence, the Smiths were provided with a revolving line of credit for which they personally guaranteed payment when they signed the first note in their individual capacities. When they signed the first note, the Smiths guaranteed in advance to all renewals, extensions, and modifications of the original indebtedness. Under Ohio law, a guarantor, by consenting to such extensions, "can preclude his own discharge." V.F., Inc. v.Hamilton (May 9, 1980), Lucas App. No. L79-256. In light of the clear and unambiguous language in both notes, I would find the Smiths remained personally obligated for the $65,000.00 of renewal debt as individual guarantors.
 {¶ 39} I would find based on the foregoing, the trial court erred as a matter of law when it found that the Smiths were not personally liable for the $65,000.00 promissory note simply because they signed the document with their corporate titles rather than in their individual capacities. Thus, the Smiths, are personally liable for the balance remaining to be paid on the second note. I would reverse in part and remand for judgment in Bank One's favor on the $65,000.00 against the Smiths in their individual capacities.